STATE, Respondent v. CARLSON, Appellant

(59 N. W.2d 554)

(File No. 9327. Opinion filed July 13, 1953)

**Ralph A. Dunham**, Atty. Gen., **Phil W. Saunders**, Asst. Atty. Gen., **Richard A. Furze**, State's Atty., Lead, for Plaintiff and Respondent.

**Gale B. Wyman**, Belle Fourche, for Defendant and Appellant.

RUDOLPH, J.   Defendant was convicted of driving an automobile while under the influence of intoxicating liquor, and has appealed from the judgment.

One issue only merits consideration.   The trial court refused to instruct the jury on the rules relating to circumstantial evidence.   Appellant has assigned as error the judge's refusal to so instruct.

The facts pertinent to the issue presented are that three witnesses testified to seeing the defendant at the time it was alleged he was intoxicated, and each testified that his talk was "jumbled" and incoherent, he walked in an unsteady manner, and had the smell of liquor on his breath.   Based upon his observations of the defendant each witness testified that defendant was intoxicated.   Appellant contends this evidence was circumstantial in character and required the court to instruct the jury relating to circumstantial evidence.

■ ■   It is well established in this state and elsewhere that a witness who has had the opportunity to observe the facts may state whether a person was intoxicated at a particular time.   Palmer v. Schurz, 22 S.D. 283, 117 N.W. 150; 32 C.J.S., Evidence, § 508. " 'Intoxication is a fact which a witness may ascertain in the same manner in which he ascertains other facts.   He may give the details and then may state the ultimate fact of intoxication as derived from observation.' " Franz v. State, 156 Neb. 587, 57 N.W.2d 139, 145.

As stated in the Annotation in 11 L.R.A., N.S., 639, "Since drunkenness is of such common occurrence that its recognition requires no peculiar scientific knowledge, and since it is practically impossible to describe the minute and peculiar appearance of a person, his acts, gestures, looks, and other indications of a state of sobriety, or of intoxication, thus making an expression as to whether or not a person is intoxicated, in effect a statement of fact rather than a mere opinion as to the existence of a fact, * * *"

And as stated in the case of People v. Eastwood, 14 N.Y. 562, a leading case on the subject, "Whether a person is drunk or sober, or how far he was affected by intoxication, is better determined by the direct answer of those who have seen him than by their description of his conduct."

It is our opinion, therefore, the testimony that defendant was intoxicated was a direct statement of fact. The testimony relative to the actions of the defendant went only to the opportunity of the witness to observe, and to act as a base upon which to place the ultimate fact of intoxication.

But conceding the evidence regarding the actions of the defendant was circumstantial in character, nevertheless the statement of the witnesses that he was intoxicated was direct and a statement of fact. The evidence was not, therefore, wholly circumstantial and the instruction on circumstantial was properly refused. State v. Guffy, 50 S.D. 548, 210 N.W. 980; 23 C.J.S., Criminal Law, § 1250; Franz v. State, supra.

The judgment appealed from is affirmed.

All the Judges concur.