George D. Ogden, J.
At a trial held March 16, 1955, before a jury in the Court of Special Sessions, town of Greece, defendant was found guilty of operating a motor vehicle while in an intoxicated condition, and the judgment of conviction appealed from, resulted.
Shortly after 7:00 p.m., February 10, 1955, defendant, driving his automobile, was involved in an accident with another car at the intersection of Dewey Avenue and Dorsey Road, in the town of Greece. As a result of the accident he was arrested and charged only with violation of. subdivision 1 of section 56 of the Vehicle and Traffic Law, arraigned before a Justice of the Peace, and, upon his plea of not guilty, the case was adjourned. After the arraignment, and at about 8:45 p.m., defendant was taken by a police officer of the Town of Greece to the accident prevention bureau of the Rochester police department, where he submitted a sample of urine which was thereafter analyzed; evidence of the amount of alcohol in his blood was admitted at the trial as prima facie evidence that the defendant was in an intoxicated condition at the time of the accident. On February 14, 1955 an information was filed accusing the defendant of driving a motor vehicle while in an intoxicated condition on February 10; a warrant was issued and defendant was later arrested on this charge; the charge upon which he was originally arrested was dismissed.
Although defendant assigns several errors which he claims require a reversal of the judgment of conviction, I believe a discussion of only one is necessary. Defendant was arrested for the violation of which he was convicted at least, four days after the occurrence of the accident, and at least four days after the taking of a sample of his urine. Yet, evidence of the urinalysis was received at the trial and, with other evidence, formed the basis for his conviction. In my opinion, this was error.
*519 Subdivision 5 of section 70 of the Vehicle and Traffic Law provides as follows: “ Upon the trial of any action or proceeding arising out of acts alleged to have been committed by any person arrested for operating a motor vehicle * * * while in an intoxicated condition, the court may admit evidence of the amount of alcohol in the defendant’s blood taken within two hours of the time of the arrest, as shown by a medical or chemical analysis of his breath, blood, urine, or saliva.”
A companion section 71-a is entitled “ Chemical tests ” and provides in subdivision 1 that: “ Any person who operates a motor vehicle * * * in this state shall be deemed to have given his consent to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic content of his blood provided that such test is administered at the direction of a police officer having reasonable grounds to believe such person to have been driving in an intoxicated condition and in accordance with the rules and regulations established by the police force of which he is a member. If such person having been placed under arrest and having thereafter been requested to submit to such chemical test refuses to submit to such chemical test the test shall not be given but the commissioner shall revoke his license or permit to drive and any nonresident operating privilege ”.
The prosecution argues that the sections of law above quoted should be construed to mean that the sample from which evidence of intoxication is obtained may be taken within two hours of the time when the alleged offense occurred, rather than from the time of defendant’s arrest. I find no basis for such a construction of the statutes; both are clear and unequivocal in their language and both refer to defendant’s arrest as the act from which time shall be reckoned. In the case at bar there was no compliance with the requirements of the Vehicle and Traffic Law and the evidence of defendant’s intoxication, based upon urinalysis, was improperly received at the trial. This was error and was prejudicial to defendant. As was said in People v. Nuzzo (294 N. Y. 227, 236): 11 If the errors in question had related to matters upon which but one decision, and that adverse to the defendant, could reasonably have been reached, it might be permissible to overlook them; but where prejudicial matter is erroneously received in evidence on a disputed question of fact, its harmful character cannot be determined solely by the mere weight of competent evidence unless we are to resolve ourselves into a jury and, ignoring the finding upon incompetent evidence, substitute one upon the evidence which we may deem competent.”
Since a new trial is to be ordered, I suggest that at such trial *520 evidence be submitted showing that any witness who is asked to express an opinion as to defendant’s intoxication, be shown to be properly qualified to express such opinion, and that facts forming the foundation for such opinion be elicited from the witness so testifying. Care should also be taken that any quotation of the Vehicle and Traffic Law in the court’s charge is complete.
The judgment of conviction is reversed and a new trial ordered and the fine remitted.