■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DANIEL MANNING, Appellant.— Appeal (1) from a judgment of the County Court, Dutchess County, convicting appellant of criminal negligence in the operation of a vehicle resulting in death (Penal Law, § 1053-a) and sentencing him to serve six months in the county jail and to pay a fine of $500, and (2) from each and every intermediate order therein made. The motor vehicle, operated by the appellant in a northerly direction along a street in the City of Poughkeepsie, struck and killed a pedestrian. The accident occurred in the nighttime, as the decedent, while crossing from the east to the west side of the street, was standing in the center of the roadway, on the crosswalk at an intersection not controlled by traffic lights, and was waiting for south-bound traffic to pass. There was proof that shortly before the accident appellant had been driving on the right side of the road in a proper manner and at a moderate and permissible rate of speed, but that immediately prior to the accident the left wheels of his car were slightly to the left of the white line in the roadway defining the north and south traffic lanes. Appellant claimed that he saw no one in the intersection. There was also proof that the windshield of appellant's car was dirty, that he had been drinking some hours before the accident, and that an analysis of his blood showed .20% of alcohol by weight. There was testimony by the police surgeon who examined appellant within an hour of the accident and by other witnesses, including the patrolman who arrested appellant for leaving the scene of the accident and a detective who took a statement from appellant, that he did not appear to be intoxicated. An expert witness for the People testified that .20% of alcohol in the blood showed intoxication. Judgment reversed on the law and the facts, indictment dismissed, and bail exonerated. In our opinion, the proof was insufficient to establish reckless or culpable negligence. (Cf. *People* v. *Bearden*, 290 N. Y. 478; *People* v. *Fox*, 271 App. Div. 936; *People* v. *Hubbs*, 271 App. Div. 1021.) If the indictment were not dismissed, a new trial would be required because of errors in the charge. The proof respecting the blood test, made with appellant's permission, was admissible. (Cf. *Bovey* v. *State of New York*, 197 Misc. 302.) The court erred, however, in charging the presumption of intoxication, created by subdivision 5 of section 70 of the Vehicle and Traffic Law, from the presence of .15%, or more, by weight of alcohol in the blood. That presumption, under the statute, arises only on " the trial of any action or proceeding arising out of acts alleged to have been committed by any person arrested for operating a motor vehicle or motor cycle while in an intoxicated condition ", and appellant was not arrested or indicted for that crime. (Cf. *People* v. *Dietz*, 5 Misc 2d 517.) The court also erred in charging, at the People's request, that the " People do not have to prove the [appellant] was intoxicated in order to sustain the verdict of culpable negligence." While that charge was correct in the sense that intoxi-cation is not an essential element of the crime defined in section 1053-a of the Penal Law, it was error so to instruct the jury in this case where, without proof of intoxication, there was a complete absence of evidence to establish a violation of that section. An abstract proposition of law should not be charged where the effect could only tend to confuse the case in the minds of the jury and lead them to an incorrect result. (Cf. *People* v. *McCallam*, 103 N. Y. 587, 596.) No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Wenzel and Ughetta, JJ., concur; Beldock and Murphy, JJ., dissent and vote to affirm, with the following memorandum: Despite the fact that the intersection where the accident happened was lighted by street lamps, by lights in buildings nearby, by the bright lights of appellant's car, and by the

bright lights of approaching southbound traffic, appellant failed to see the two women (decedent and her companion) standing in the center of the roadway waiting for traffic to pass. Despite the fact that the decedent was thrown approximately 50 feet by the impact and that she was struck by that part of appellant's car in front of the driver, appellant claims he did not know that his car had struck the decedent. Examination of appellant's blood an hour after the accident showed a content of .20% ethyl alcohol by weight, which indicated intoxication affecting his ability to operate a motor vehicle. From these facts, plus the fact that the left side of appellant's car was in the southbound lane, and that his windshield was so dirty that one could not see clearly through it, the jury was free to find that appellant drove the car with disregard of the consequences of his act and with indifference to the rights of others. In our opinion, there was sufficient evidence to warrant conviction without proof of intoxication and, therefore, it was not error to charge the People's request referred to by the majority. The alleged error with respect to the charge as to the presumption of intoxication created by subdivision 5 of section 70 of the Vehicle and Traffic Law may be disregarded in view of the facts that (a) appellant took no exception thereto, (b) appellant affirmatively acquiesced therein by requesting a charge in connection therewith, which was granted, and (c) there was other evidence that appellant was intoxicated sufficiently to affect his driving.