Dominick L. Gabkcelli, J.
The Grand Jury of the County of Steuben sitting in conjunction with the April 1959 Term of *1051 Supreme Court returned indictment No. 2377 accusing the defendant of the crimes of criminal negligence in violation of section 1053-a of the Penal Law and reckless driving in violation of section 58 of the Vehicle and Traffic Law of the State of New York. The indictment was sent to the Steuben County Court for trial or other disposition by an order of the Supreme Court duly entered in its minutes as provided for in subdivision 6 of section 22 of the Code of Criminal Procedure.
Thereafter and on the 17th day of April, 1959, the defendant was arraigned and interposed a plea of not guilty.
At the time of the arraignment the defendant reserved all rights to make such motions as might be necessary and proper; and on April 30, 1959, a motion was made by the defendant returnable May 11, 1959, for an order permitting and allowing the defendant to inspect the minutes of the Grand Jury on which said indictment on the defendant was based. This present motion is stated to be a necessary preliminary step taken in preparation for a motion to be made by the defendant for a dismissal of the indictment on the ground that improper and illegal evidence was received by the Grand Jury to support the indictments returned against the defendant.
On the return day of the motion, oral argument was had and the main claim of the defendant was that improper evidence was received by the Grand Jury relative to a certificate showing the degree of the alcoholic content of his blood at the time of his accident.
Counsel on both sides requested an opportunity to file briefs. The briefs have now been received.
With the consent of the District Attorney and the defendant, the court was furnished with a transcript of the Grand Jury minutes, which includes the testimony introduced before that body by the District Attorney upon which the indictment under consideration was found.
In substance, the defendant is charged on January 15, 1959, in the Town of Prattsburg, New York, with having operated a truck in a reckless and culpably negligent manner causing the death of Rita W. Blow and Le Roy L. Emerson, as well as having operated said truck in a manner which reasonably interfered with the free and proper use of the highway. The testimony produced before the Grand Jury by a certificate showed a blood alcoholic content of .31% and shows the date of the test as of January 15, 1959. The papers on this motion show, without contradiction, that the defendant was unconscious as the result of the accident until January 16,1959. Neither is there a denial *1052 that the blood was extracted from the defendant without his consent.
It further develops that there was no arrest made in this matter until after the return of the indictment.
Any blood test taken for the purposes of showing the alcoholic content of any defendant must be taken pursuant to the provisions of section 71-a of the Vehicle and Traffic Law.
There is no denial that the blood test was taken before arrest and without the consent or knowledge of the defendant, and there is serious doubt as to the manner of proof of the blood alcohol by the use of the certificate of the chemist.
Assuming that the blood test was taken at a proper time and under proper circumstances, there is a serious question as to the manner in which the evidence thereof was presented to the Grand Jury in the use of the certificate hereinabove mentioned. There are required and accepted standards of evidence and proof that must be complied with in this regard. Even if it were proper to introduce evidence of this nature under the rules as herein outlined, the required standards of evidence and proof were not met.
However, there is a more serious defect in the evidence and it relates to the evidence of intoxication itself. It is entirely proper to prove the intoxicated or other condition of the defendant but the requirements of the statute (Vehicle and Traffic Law, § 71-a) must be met.
As was stated in the case of People v. Dietz (5 Misc 2d 517) evidence of the condition of the defendant relative to his intoxication as a result of a blood test can be used only ‘ ‘ if such person having been placed under arrest and having thereafter requested to submit to such chemical test ’ ’.
Honest labors of a Grand Jury should not be set aside lightly by the court. However, where it appears that the evidence presented to the Grand Jury is illegal and goes to the basis of the findings of a Grand Jury, there should be no hesitancy to dismiss the same. In the opinion of this court, such is the situation here. The evidence presented to. the Grand Jury in the above regard was illegal and the indictment should be dismissed.
Although the motion herein is for the inspection of the Grand Jury minutes, where, on such motion it appears that the indictment has been found upon illegal testimony, the court has inherent power to dismiss the indictment without passing upon the motion. (People v. Walsh, 92 Misc. 573.)
In view of this disposition of the indictment, defendant’s motion to inspect the Grand Jury minutes is denied as now *1053 being unnecessary and in order to preserve the desired secrecy of such proceedings. The indictment is, therefore, dismissed with leave to the District Attorney to resubmit the matter to the next Grand Jury of Steuben County.
Submit order in accordance with the foregoing.