CITY OF SIOUX FALLS, Respondent v. CHRISTENSEN, Appellant

(116 N.W.2d 389)

(File No. 9915. Opinion filed August 6, 1962)

634

Lloyd J. Mahan, Parkston, George W. Wuest, of Danforth, Bleeker & Carlson, Mitchell, for Defendant and Appellant.

Paul E. Mundt, Asst. City Atty., Sioux Falls, for Plaintiff and Respondent.

HANSON, J. The City Attorney of Sioux Falls filed a complaint in Municipal Court charging defendant with

violating two traffic ordinances as follows: Count I. Operating a motor vehicle upon the streets of said city while under the influence of intoxicating liquor, and Count II, for operating a motor vehicle without due caution or circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property. The jury found defendant guilty of both offenses and he appeals.

Defendant was arrested late in the evening of August 19, 1960. He was taken to the police station where he voluntarily submitted to an intoximeter test. This is a scientific device for determining blood alcohol by trapping a person's breath in a rubber balloon and filtering it out through a chemical train. One chemical absorbs alcohol and another carbon dioxide. A complicated chemical analysis of such residue consisting of distillation and analytical weighing indicates the percentage of alcohol in the breath which in turn is an index to blood-alcohol content in accordance with a fixed mathematical ratio.

During the trial the court, over defendant's objections, allowed the City to show how the intoximeter test was administered and its results which indicated blood-alcohol concentration of 0.17 (17/100 of one per cent) by volume. Based upon such evidence the court instructed the jury on the presumptions of intoxication arising from blood-alcohol content established by SDC 1960 Supp. 44.0302-1 as follows:

"You are instructed that the law of the State of South Dakota with reference to evidence of a test taken by chemical analysis provides that in any prosecution for a violation of the law prohibiting a person from driving while under the influence of intoxicating liquor the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant's blood, urine, breath or other bodily substance shall give rise to the following presumptions:

(1) If there was at the time 0.05 percent or less by weight of alcohol in the defendant's blood it shall be presumed that the defendant was not under the influence of intoxicating liquor.

(2) If there was at that time in excess of 0.05 percent but less than 0.15 percent by weight of alcohol in the defendant's blood such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

(3) If there was at that time 0.15 percent or more by weight of alcohol in the defendant's blood it shall be presumed that the defendant was under the influence of intoxicating liquor."

SDC 1960 Supp. 44.0302-1 provides as follows:

"It is unlawful and punishable for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

"In any criminal prosecution for a violation of this section relating to driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance shall give rise to the following presumptions:"[1]

■ ■ Our presumption statute is clearly limited to criminal prosecutions thereunder for the offense of driving a motor vehicle while under the influence of intoxicating liquor. We so indicated in the case of Fossum v. Zurn, 78 S.D. 260, 100 N.W.2d 805. Also see State v. Batterman, 79

---

[1]. The presumption statutes of some states are much broader in scope. For example the Wisconsin law applies "In any action or proceeding in which it is material to prove that a person was under the influence of an intoxicant while operating or handling a vehicle or firearm, * * *". Sec. 325.235, Wis. Statutes Annotated.

S.D. 191, 110 N.W.2d 139. Consequently, the presumptions established therein have no application to prosecutions for violations of municipal ordinances.

■ ■ In the absence of expert scientific interpretative testimony concerning the psychophysical effects of blood-alcohol concentrations upon a normal person it was error for the court to instruct the jury on presumptions of intoxication arising therefrom. There was no legal or factual foundation for the same. Because of the same deficiency testimony concerning the administration of the intoximeter test and the results of such test was not admissible. Such evidence was incompetent for any purpose and its prejudicial effect was not confined to the offense of driving while intoxicated. It also prevented defendant from having a fair trial on the general charge of reckless driving alleged in Count II of the complaint. Accordingly, we find it unnecessary to consider other evidentiary errors asserted by defendant on this appeal.

The judgments appealed from are reversed.

All the Judges concur.