STATE, Respondent v. AARHUS, Appellant

(128 N.W.2d 881)

(File No. 10086.  Opinion filed June 10, 1964)

**M. E. Miller,** Lake Andes, for Defendant and Appellant.

**Frank L. Farrar,** Atty. Gen., **Robert A. Miller,** Asst. Atty. Gen., Pierre, **Patrick J. McKeever,** State's Atty., Kennebec, for Plaintiff and Respondent.

RENTTO, J.   Defendant was convicted of manslaughter in the second degree arising out of a motor vehicle homicide. He was charged under SDC 1960 Supp. 13.2025, which provides "Any person who, being under the influence of intoxicating liquor, without a design to effect death, operates or drives a motor vehicle of any kind in a negligent manner and thereby causes a human being to be killed, is guilty of manslaughter in the second degree." The judgment from which he appeals, dated March 12, 1963, sentenced him to three years imprisonment in the State Penitentiary.

On the morning of October 21, 1960, defendant and a companion, Raymond Jandreau, left his farm near Lake Andes, South Dakota, and drove to Murdo, South Dakota, in defendant's automobile to buy some cattle. Their business concluded, in mid-afternoon they drove to Presho where they visited for awhile. During this stop they made the acquaintance of Grant Big Eagle and his sister Cecelia Long Turkey who wanted a ride to Chamberlain, South Dakota. The four of them left Presho at about 4 p. m. headed east, on their way to Chamberlain, with Jandreau doing the driving. About a mile and a half west of Chamberlain on Highway 16 at about 5:30 p. m. the car in which they were riding was involved in a collision with a westbound car driven by Walter Reisenauer. His wife, Donna Mae, died later that evening from injuries suffered in the accident.

The principal defense presented by the evidence in defendant's behalf was that he was not driving the car at the time of the accident. This is disputed by the state's evidence which is to the effect that when they were some distance east of Presho near the town of Reliance, defendant took over the driving and was operating the car when the collision occurred. The jury chose to believe the state's evidence in this respect which was entirely sufficient to justify its finding. His evidence also takes issue with the state's proof that he was under the influence of intoxicating liquor and that his car was operated in a negligent manner when the accident occurred.

On this appeal he urges the insufficiency of the evidence in these respects to justify the verdict, as well as numerous other trial errors. However, since we feel that the judgment must be reversed because of an erroneous instruction, a detailed review of the evidence is not necessary except that concerning his intoxication.

A blood test to which defendant consented revealed an alcohol content of 0.31% by weight. The state chemist who analyzed this sample and the medical doctor who examined and treated those injured in the accident both stated that one with that level of alcohol in his blood was under the influence of intoxicating liquor. The motor patrolman, a police officer and one of defendant's companions testified that he was under the influence of intoxicating liquor at the time of the accident. These opinions were based on rather meager record showings of foundational observations. State v. Carlson, 75 S.D. 84, 59 N.W.2d 554. Also the defendant, a large man, weighing about 270 pounds admitted having had four drinks of whiskey earlier in the day before leaving Murdo.

The instruction referred to concerns the blood test. It is bottomed on our presumption statute, SDC 1960 Supp. 44.0302-1, which, so far as here material, provides as follows:

"It is unlawful and punishable for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

"In any criminal prosecution for a violation of this section relating to driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance shall give rise to the following presumptions: * * *

"(3) If there was at that time fifteen hundredths per cent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor;"

This instruction told the jury that one test of whether a person is under the influence of intoxicating liquor under our South Dakota statute is paragraph (3) of SDC 1960 Supp.. 44.0302-1, which was then set out verbatim therein.

One ground of defendant's objection to the instruction was that by its terms the application of our presumption statute is limited to prosecutions for driving a vehicle while under the influence of intoxicating liquor. That this observation is correct is apparent from the unambiguous language of the statute. Moreover, we have previously so indicated in Fossum v. Zurn, 78 S.D. 260, 100 N.W.2d 805; State v. Batterman, 79 S.D. 191, 110 N.W.2d 139 and City of Sioux Falls v. Christensen, 79 S.D. 633, 116 N.W.2d 389. In Hoffman v. State, 160 Neb. 375, 70 N.W.2d 314, a similarly limited presumption statute was held inapplicable in a motor vehicle homicide prosecution based on driving while under the influence of intoxicating liquor. Clearly this instruction was erroneous. See also People v. Leis, 13 A.D.2d 22, 213 N.Y.S.2d 138. In this connection we observe that Nebraska, in the first session of its legislature after the Hoffman decision, amended its presumption statute to include prosecutions for motor vehicle homicide. Ch. 158, Laws of Neb. 1957.

It is suggested by the state that even if the instruction is erroneous it was not prejudicial because of the evidence as to intoxication. In this connection it must be noted that the weight of this evidence, including the opinion of the chemist and the doctor as to the condition of one with that level of blood

alcohol, was for the jury. Fossum v. Zurn, supra. Even though this evidence would, if accepted by the jury, justify a finding that defendant was under the influence of intoxicating liquor, we are unable to conclude that in the decision of this issue the presumption statute did not operate to the prejudice of the defendant. For this reason we reluctantly conclude that the judgment must be reversed.

Two of the other matters urged are likely to arise on a retrial. Consequently we feel it necessary to express our views thereon.

The first of these involves a rough sketch of the accident scene prepared by the motor patrolman. He arrived there very shortly after the accident took place and before the cars involved had been moved. He observed the location of the cars and their condition as well as skid and slide marks on the highway leading to them, and the location of debris on the highway of the kind that is deposited when cars collide. He measured the various distances involved and took pictures of the cars.

From these observations and measurements he prepared a rough sketch diagraming the accident scene with fair accuracy. It was offered in evidence to illustrate his testimony. The objection made to it was that a proper foundation for its admission had not been established. This was overruled and the exhibit admitted in evidence. Such exhibits, even though not accurate in every detail or drawn to scale, can be helpful to the jury in visualizing the testimony of the witness. Their admission is addressed to the discretion of the trial court. 32 C.J.S. Evidence, § 730; 20 Am.Jur., Evidence, § 739; Wigmore on Evidence, 3rd Ed., § 790; McCormick on Evidence, p. 386. There was no abuse of discretion by the court in admitting this one.

At the scene of the accident the motor patrolman saw in the pocket of Grant Big Eagle, as he lay in the back seat of the car, a partly consumed bottle of whiskey which he took into his possession. It was of the same brand and size as one that Big Eagle testified Jandreau had earlier purchased at Presho for his friend. It was received in evidence over defendant's objection. We think the trial court ruled properly. State v. Poppenga,

76 S.D. 592, 83 N.W.2d 518; 61 C.J.S. Motor Vehicles § 633 and § 666. Even though there was no testimony that defendant had drunk any of this whiskey, in view of the state's evidence that he was under the influence of intoxicating liquor the jury could, from the presence of this exhibit in his car, infer that he had.

The numerous other matters urged by the defendant are without merit.

Reversed.

All the Judges concur.