■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAXEMILIAN BIESTER, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, entered November 17, 1964 after a jury trial, convicting him of operating a motor vehicle while intoxicated, in violation of the statute (Vehicle and Traffic Law, § 1192, subd. 2), and imposing sentence. Judgment affirmed. It is undisputed that defendant made no conscious refusal to the taking of blood; in fact there is proof that he consented while conscious. Questions of fact for the jury included the identity of the driver of the automobile and the time, making and legality of the arrest prior to the withdrawal of blood.

The court charged that the legality of the taking of blood was dependent upon the legality of arrest prior thereto. It is unnecessary to determine whether the taking, if defendant was then unconscious, was such a violation of the Fourth and Fifth Amendments of the United States Constitution as to render the ensuing test inadmissible. Under the charge in accordance with the statute (Vehicle and Traffic Law, § 1192), the jury must be deemed to have found a legal prior arrest. In that light, defendant is deemed to have consented (*Breithaupt* v. *Abram*, 352 U. S. 432, 435, 436; Vehicle and Traffic Law, § 1194, subd. 1). There is no need for a *Jackson* v. *Denno* hearing (378 U. S. 368). It was undisputed that the statement of defendant was voluntarily given. The reference of the court to this fact in its charge was made not to present, but rather to exclude voluntariness as an issue for the jury (cf. *People* v. *Huntley*, 15 N Y 2d 72, 77). Ughetta, Acting P. J., Christ and Hill, JJ., concur; Brennan and Hopkins, JJ., vote to reverse the judgment and to direct a new trial, with the following memorandum by Hopkins, J. in which Brennan, J. concurs: The defendant was indicted for the crime of driving while intoxicated (Vehicle and Traffic Law, § 1192, subd. 2). At the trial the prosecution introduced evidence of a blood test, indicating an alcoholic concentration of 0.162% by weight. The defendant testified that he did not consent to the taking of the blood sample, that he had no recollection of the incidents of the night during which the blood test was said to have been made, and that he did not regain consciousness as a result of a collision between his automobile and another automobile preceding the taking of the blood sample until the afternoon of the following day. There was testimony, however, from which the jury could find that the defendant consented to the making of the blood test and, if that were the sole issue in the case, we would vote to affirm. Nevertheless, the Trial Judge charged the jury that the express consent of the defendant was unnecessary, once the jury found that the defendant had been arrested. To this charge the defendant excepted. In our view, section 1194 of the Vehicle and Traffic Law should not be construed so as to permit the introduction into evidence of the results of a blood test against a defendant in a criminal prosecution to establish intoxication if the defendant has not expressly consented to the making of the blood test. We read the statute as imposing only the penalty of revocation of the driver's license if he refuses to submit to the test; the consideration by the Legislature of a refusal to submit implies in our opinion the necessity of consent; otherwise the police officer, in every case where an arrest is made for driving while intoxicated, could direct that the test be made and the contingency of a refusal would not be contemplated. We note, too, that the statute provides for the liability of the State or political subdivisions (for whom the police officer may be acting) for any cause of action arising out of the administration of a test, and this at least suggests that the liability would ensue from an unauthorized puncture of the skin and withdrawal of blood as an actionable trespass (*Schloendorff* v. *New York Hosp.*, 211 N. Y. 125, 129–130; Prosser Torts [2d ed.], pp. 84–85). It is unnecessary under this analysis to determine whether the statute would be constitutional if construed to permit the withdrawal of blood without consent (cf. *People* v. *Young*, 42 Misc 2d 540; *People* v. *Butts*, 21 Misc 2d 799; *People* v. *McConnell*, 19 Misc 2d 1050; *Matter of Schutt* v. *Macduff*, 205 Misc. 43). We avoid any constitutional vulnerabilities by holding that consent is required before the test may legally be administered. The instruction to the jury was, therefore, prejudicial to the defendant; and since we cannot tell whether the jury's verdict of guilty rested on its finding that the defendant consented, or that his consent was superfluous, we are obliged to vote for reversal and a new trial.