Ronald Dale **OVERSTREET**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 21, 1975.

Rehearing Denied May 23, 1975.

Anthony M. Wilhoit, Public Defender, Joe A. Jarrell, Asst. Public Defender, Frankfort, Joseph S. Freeland, Paducah, for appellant.

Ed Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Donald Dale Overstreet appeals from a judgment which sentenced him to a term of 15 years in the penitentiary pursuant to a verdict finding him guilty of first-degree involuntary manslaughter, under KRS 435.-022(1), in a prosecution arising out of an automobile collision involving Overstreet's car and another, in which an occupant of the other car was killed. Overstreet's sole ground for reversal is that the trial court erred in reading to the jury, over his objection, the provisions of subsections (4) and (5) of KRS 189.520, which in substance are that in a prosecution for *operating a vehicle while under the influence of intoxicating beverages,* evidence that there was 0.10 percent or more by weight of alcohol in the defendant's blood, as shown by chemical analysis, creates a presumption that the defendant was under the influence of intoxicating beverages.

A chemist testified in the instant case that a chemical analysis of Overstreet's blood showed an alcohol content of 0.28 percent. The trial court would not permit the witness to answer questions as to how much alcohol a person would have to consume to produce that percentage, or the amount of alcohol a body would burn up in a particular period of time. However, the court thereupon proceeded to read the statute to the jury.

The statute obviously is intended to facilitate proof of the fact of drunkenness in drunken-driving cases. While proof of the results of the chemical analysis is still required, the statute eliminates the necessity of further expert testimony as to what state of sobriety or insobriety is indicated by the results of the analysis. However, the statute is confined by its terms to prosecutions for the statutory offense of operating a vehicle under the influence of intoxicating beverages, which is a misdemeanor punishable by a fine of not more than $500.

 It is our opinion that the foregoing statute, which provides a convenience for the benefit of the prosecution in a limited type of misdemeanor case, cannot reasonably or fairly be extended to provide the same convenience for the prosecution in cases of a more serious character, such as the one here involved for first-degree involuntary manslaughter, a felony carrying punishment of imprisonment up to 15 years. Accordingly, we conclude that it was error for the trial court to read the statute to the jury in the instant case.

We find unqualified support for our view in the cases from other jurisdictions which have reached substantially the same conclusion under similar statutes. See People v. Manning, 7 A.D.2d 1008, 184 N.Y.S.2d 240; People v. Leis, 13 A.D.2d 22, 213 N.Y.S.2d 138; Hoffman v. State, 160 Neb. 375, 70 N.W.2d 314; Fossum v. Zurn, 78 S.D. 260, 100 N.W.2d 805; State v. Aarhus, 80 S.D. 569, 128 N.W.2d 881.

A special reason for caution as concerns the scope of application of the statute in question arises from the fact that under Kentucky practice the presumption provided for by the statute is the only presumption of fact, essential to establish guilt of a crime, of which the trial court is permitted to inform the jury. See Marcum v. Commonwealth, Ky., 483 S.W.2d 122.

Although, as stated, this court finds that the reading of the statute to the jury was error, the court is not persuaded that the error was prejudicial. The evidence was that Overstreet had pursued a course of erratic driving approaching the scene of the accident, and that the accident resulted from his crossing over to the wrong side of the road, for no apparent reason, and running head-on into the victim's car. There was ample evidence that he was drunk, from the testimony of witnesses who observed him after the accident. He produced no evidence to weaken the prosecution's case, his story being only that he could not remember the circumstances of the accident or anything that had occurred for a week before the accident. In these circumstances we believe that the reading of the statute was not calculated to have had any significant impact on the jury's verdict.

The judgment is affirmed.

All concur.