OCTOBER 9, 1979

No. 78–6773. THOMAS *v.* NEW YORK. Appeal from App. Term, Sup. Ct. N. Y., 1st Jud. Dept., dismissed for want of substantial federal question.

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN joins, dissenting.

At issue in this appeal is whether admission into evidence of one's refusal to submit to a blood test to determine inebriation is contrary to the Fifth Amendment's prohibition of compelled testimonial incrimination. In the instant case the New York Court of Appeals, in finding the refusal to be admissible into evidence, upheld in the face of constitutional challenge the state statute authorizing admission. Other state courts have reached identical conclusions. *E. g., Commonwealth* v. *Robinson,* 229 Pa. Super. 131, 324 A. 2d 441 (1974); *State* v. *Meints,* 189 Neb. 264, 202 N. W. 2d 202 (1972). But the courts of some States have decided that the Fifth and Fourteenth Amendments require that the evidence be held inadmissible. *E. g., Dudley* v. *State,* 548 S. W. 2d 706 (Tex. Crim. App. 1977); *State* v. *Andrews,* 297 Minn. 260, 212 N. W. 2d 863 (1973), cert. denied, 419 U. S. 881 (1974).

Because of this conflict among state courts as to the reach of the Fifth Amendment's protection against compelled testimonial evidence, I dissent from the Court's decision to dismiss this appeal.

No. 79–251. SAPPINGTON *v.* BECKERT, JUDGE, ET AL. Appeal from D. C. E. D. Pa. dismissed for want of jurisdiction.

No. 79–5103. CAREY *v.* NEW YORK STATE HUMAN RIGHTS APPEAL BOARD ET AL. Appeal from Ct. App. N. Y. dismissed for want of substantial federal question.