THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT A. KATES, Respondent.

Fourth Department, December 12, 1980

### APPEARANCES OF COUNSEL

*Lawrence T. Kurlander, District Attorney (Glenda K. Brayman* of counsel), for appellants.

*Charles F. Crimi* for respondent.

### OPINION OF THE COURT

DILLON, P. J.

In a prosecution for criminally negligent homicide (Penal Law, § 125.10), two counts of driving while under the influence of alcohol (Vehicle and Traffic Law, § 1192, subds 2, 3), and a traffic infraction (Vehicle and Traffic Law, § 1128, subd [a]), the People appeal from an order supressing the test results of blood samples taken from defendant when he was incapable of consenting to the withdrawal of his blood or the making of the test. Although defendant contests the authority of the People to appeal in the circumstances of this case (CPL 450.50, subd 1), the principal questions presented are whether section 1194 of the Vehicle and Traffic Law requires express consent by a motor vehicle operator before a blood sample can be taken from him; and whether section 1194, as applied to an unconscious or uncomprehending driver, is violative of the equal protection

clause (US Const, 14th Amdt, § 1; NY Const, art I, § 11) if such express consent is not required.

On March 3, 1979 at about 6:25 P.M. defendant was operating his motor vehicle when it collided with another vehicle which was solely occupied by the driver, who died as a result of the accident. There were two passengers in defendant's car. All four persons were injured and were taken to hospitals. At about 9:15 P.M., at the direction of a Deputy Sheriff, a doctor drew two blood samples from defendant and gave them to the deputy. A test of the samples showed that defendant's blood contained .18% by weight of alcohol. It was conclusively established at the suppression hearing that defendant was completely disoriented at the time his blood was drawn and because of his condition no request was made of defendant to submit to the blood test.

Initially, defendant argues, and the suppression court agreed, that because subdivision 2 of section 1194 of the Vehicle and Traffic Law confers the right to refuse to take the test, subdivision 1 of that statute must be interpreted as requiring an express consent before the result of a blood test can be admitted into evidence against him (*People v Biester*, 24 AD2d 1021, 1022 [dissenting memorandum]). We disagree.

While it is true that all parts of a statute must be read and construed together to ascertain the legislative intent (*Matter of Bookhout v Levitt*, 43 NY2d 612, 617), a statutory construction which results "in the nullification of one part [of the statute] by another, is not permissible". (*Matter of Albano v Kirby*, 36 NY2d 526, 530; see, also, *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 458; *Matter of Industrial Comr. of State of N.Y. v Five Corners Tavern*, 47 NY2d 639, 646-647.) To read into subdivision 1 of section 1194 a requirement of express consent would nullify so much thereof as provides "[a]ny person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical test". It is thus the plain meaning of subdivision 1 of section 1194 that express consent is not required. Nor are the provisions of subdivisions 1 and 2 mutually contradictory. Subdivision 2 does no more than afford the opportunity to negate the implied

consent already given under subdivision 1 (*People v Porter*, 46 AD2d 307, 310). "In the case of an unconscious individual, a chemical test can be administered since he is deemed to have given his consent when he used the highway. It is not necessary that a person be given the opportunity to revoke his consent. The only reason the opportunity to revoke is given is to eliminate the need for the use of force by police officers if an individual in a drunken condition should refuse to submit to the test" (Report of New York State Joint Legislative Committee on Motor Vehicle Problems, Chemical Tests for Intoxication, McKinney's Session Laws of NY, 1953, pp 1912, 1928).

It is well established that express consent for withdrawal of a motor vehicle operator's blood is not constitutionally required. A compelled blood test does not violate due process (*Breithaupt v Abram*, 352 US 432), nor does it violate the privilege against self incrimination or constitute an unreasonable search or seizure (*Schmerber v California*, 384 US 757). *Miranda* warnings need not first be given nor is there any necessity for the presence of counsel (*People v Craft*, 28 NY2d 274). "[I]nasmuch as a defendant can constitutionally be compelled to take such a test, he has no constitutional right not to take one." *(People v Thomas*, 46 NY2d 100, 106, app dsmd 444 US 891).

Defendant's equal protection argument is premised upon perceived discrimination arising from the right of a conscious person to refuse to permit the blood test while a person who is incapable of either consent or refusal is deemed to have consented and is thus subject to the test and its incriminating results. The argument is without merit. Section 1194 accomplishes a legislative purpose of substantial significance to the State. "No physical characteristic or condition could be more closely related to incompetence to operate a motor vehicle than inebriation, and no aspect of motor vehicle regulation can be more important to the welfare of both operators and the public than keeping inebriated drivers off the public highways." (*People v Thomas*, 46 NY2d 100, 110, *supra.*)

While section 1194 produces a classification between the conscious driver and the unconscious or uncomprehending

driver, the distinction is not without a rational basis. Directed as it is to the enhancement of public safety, it is not constitutionally offensive because in practice it results in some inequality (*Alevy v Downstate Med. Center of State of N.Y.*, 39 NY2d 326, 332). Indeed, a motorist whose incapacity knowingly to consent or refuse to consent results from intoxication should not be relieved of the force of the statute on the basis that he has engaged in the very conduct which the statute is designed to proscribe. Moreover, since all persons driving motor vehicles within the State are deemed to have consented to a chemical test, the statute is nondiscriminatory in a constitutional sense.

Equally without merit is defendant's argument that the People are without authority to appeal because the order of suppression does not so weaken the People's case "that *any reasonable possibility of prosecuting such charge to a conviction has been effectively destroyed*" (CPL 450.50, subd 1). Upon the filing of the statement required by CPL 450.50, this appeal was taken "as of right" (CPL 450.20, subd 8).

The order should be reversed and the motion to suppress denied.

CARDAMONE, HANCOCK, JR., CALLAHAN and MOULE, JJ., concur.

Order unanimously reversed and motion denied.