Bellacosa, J.
(dissenting). I would reverse the order of the Appellate Division essentially for the reasons stated in the dissent by Justice Howard A. Levine and would thus confirm the determination by PERB that the Elmira City School District’s application for Excellence in Teaching Apportionment Program funds under Education Law § 3602 (27) is a mandatory subject of collective bargaining.
The court is unanimous that the Taylor Law imposes a broad obligation upon public employers to bargain with employees over the terms and conditions of their employment. The majority, as I understand it, also agrees that once a school district applies for Excellence in Teaching funds, the distribution is a term and condition of teachers’ employment —salaries. Our difference of view relates to the threshold decision to apply for Excellence in Teaching funds at all, the majority concluding that it is not subject to collective bargaining, because the Legislature has manifested the requisite "plain and clear” intention to exclude this decision from the ambit of the Taylor Law (Syracuse Teachers Assn. v Board of Educ., 35 NY2d 743, 744).
Our view is that the purpose of the Excellence in Teaching legislation is to improve the quality of teaching and education throughout the State by affecting the terms and conditions of teachers’ employment with the financial inducement of additional compensation. Inasmuch as this compensation matter directly and inherently affects the terms and conditions of employment, a subject of mandatory collective bargaining *403 (Civil Service Law § 208 [2]), it is unavailing that the pertinent Excellence in Teaching statute does not itself explicitly mandate collective bargaining for the "application” phase of all school boards participating in and acquiring the State’s grants of money. The statute, after all, does not explicitly exclude mandatory collective bargaining as to the "application” phase. Indeed, it expressly mandates separate collective bargaining as to the "distribution” among teachers of the funds so received. Thus, the interpretation reposing in the school boards the unilateral power to apply for Excellence in Teaching funds saps of all its juice the mandatory collective bargaining enactment on "distribution” of such funds to qualified teachers. Depriving a statute of its meaning in this way — where the exclusion from the operation of the Taylor Law is not "plain and clear” (Syracuse Teachers Assn. v Board of Educ., 35 NY2d 743, supra) — is not sound statutory construction and would frustrate the central legislative intent of the Excellence in Teaching program. "[A] statutory construction which results 'in the nullification of one part [of the statute] by another, is not permissible’ ” (People v Kates, 77 AD2d 417, 418, affd 53 NY2d 591, citing Matter of Albano v Kirby, 36 NY2d 526, 530).
Appellant teachers’ association invites the court to take judicial notice of an uncontradicted public statistical compilation that 683 out of 698 (98%) of the school boards throughout the State are now participating in the Excellence in Teaching program. Thus, the Legislature may wish to consider making explicit the mandatory and, thus, uniform, application and participation in this significant public policy program — if that was its intention.
Accordingly, I respectfully dissent and vote to reverse.
Chief Judge Wachtler and Judges Simons, Alexander and Titone concur with Judge Hancock, Jr.; Judge Bellacosa dissents and votes to reverse in a separate opinion in which Judge Kaye concurs.
Judgment affirmed, with costs.