■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. FAIRWAY APARTMENTS CORP. et al., Respondents.— Proceeding pursuant to section 298 of the Executive Law for enforcement of an order of the State Division of Human Rights dated July 10, 1970, in which respondents have cross-moved to set aside the order. Petition dismissed, on the law, and order annulled, without costs. Cross motion dismissed, without costs. Respondents' cross motion does not lie, they having taken no appeal from the order to the State Human Rights Appeal Board within the requisite time permitted for such appeals (Executive Law, §§ 297-a, 298; *Matter of Walter* v. *State Div. of Human Rights,* 36 A D 2d 769). However, we must consider the merits of the order upon consideration of the enforcement petition; and reverse or modify the order if we find that it is not supported by substantial evidence (*Matter of State Div. of Human Rights* v. *Bystricky,* 30 N Y 2d 322; *Ernsteins* v. *State Div. of Human Rights,* 35 A D 2d 599; *State Div. of Human Rights* v. *Ganley,* 37 A D 2d 983; *Matter of State Div. of Human Rights* v. *Luppino,* 35 A D 2d 107, 108). In our opinion, the findings of the State Division of Human Rights were not supported by substantial evidence on the record considered as a whole (Executive Law, § 298). The complainant did not qualify for an apartment by the standards utilized by respondents for all applicants. Her income was insufficient to meet the rule of thumb applied by respondents for financial ability (the complainant not having listed her overtime and part-time income and having informed a credit checker that she wished to be considered only on

the basis of her salary); she admittedly lied to the credit checker about her children's schooling; respondents did not want a one-bedroom apartment used by her three children (custody over whom was then with her husband pursuant to an informal agreement); and the credit check indicated that she had experienced prior difficulties in meeting her obligations. The evidence does not support the finding that complainant was discriminated against because of her color (see *Matter of State Div. of Human Rights* v. *Bystricky*, 30 N Y 2d 322, *supra*). Rabin, P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.