HAZEL BERRY, Respondent, v. DONNER-HANNA COKE CORPORATION et al., Petitioners.

WINIFRED LEAVEY, Respondent, v. DONNER-HANNA COKE CORPORATION et al., Petitioners.

Fourth Department, October 26, 1973.

*Hodgson, Russ, Andrews, Woods & Goodyear (Stephen Kellogg* of counsel), for petitioners.

*Henry Spitz* for State Division of Human Rights.

*Irvin V. Iversen* and *Douglas F. Godinho* for respondents.

DEL VECCHIO, J; P. This is a proceeding pursuant to section 298 of the Executive Law to review the determination by a majority of the New York State Human Rights Appeal Board that the portion of an order of the Division of Human Rights which provided that the terms of a conciliation agreement be embodied therein was arbitrary and an unwarranted exercise of discretion. The board's determination was predicated on the failure by the Regional Director to advise complainant's attorney at the time the proposed conciliation agreement was sent to him that section 297 (subd. 3, par. b) of the Executive Law requires objections to such an agreement to be filed within 15 days, and on its conclusion that the Regional Director had waived compliance with the filing period.

On the facts here presented, we find no basis for the Appeal Board's finding of arbitrariness by the Regional Director in incorporating the conciliation agreement in an order which resulted in the closing of the matter by the division. Section 297 (subd. 3, par. b) of the Executive Law provides in part: "If the respondent and the division agree upon conciliation terms the division shall serve upon the complainant a copy of the proposed conciliation agreement. *If the complainant* agrees to the terms of the agreement or *fails to object to such terms within fifteen days after its service upon him, the divi-*

*sion shall issue an order embodying such conciliation agreement. If the complainant objects to the agreement he shall serve a specification of his objections upon the division within such period.''* (Emphasis supplied.) The Regional Director's order embodying the conciliation agreement was issued, in accordance with the statute, after more than 15 days had elapsed from service of the proposed conciliation agreement on the attorney of record for complainant during which no objections had been received. Nothing in the statute requires that service of the proposed agreement be accompanied by service of a statement of the statutory provision relating to the filing of objections or of a warning that objections must be filed within 15 days. Absent such a requirement, we cannot agree with the determination by the Appeal Board that the failure by the Regional Director to give such statement or warning made his issuance of the order embodying the conciliation agreement in accordance with the statutory provision arbitrary. Particularly is this so when, as here, the proposed conciliation agreement was sent to complainant's attorney of record who had represented her for almost three years in her proceeding before the Human Rights Division and who presumably was familiar with the applicable statute.

Complainant's contention that service of the proposed agreement should have been made on her, rather than on her attorney alone, is not well founded. The notice of appearance filed with the division by her attorney expressly demanded service of '' all subsequent written communications or notices to said party in this proceeding '' on the attorney. Furthermore, we have recognized, and such recognition has gained approval by the Court of Appeals (*Matter of Knickerbocker Ins. Co. [Gilbert]*, 28 N Y 2d 57, 64–65), that in some situations service on the attorney who has appeared for a claimant might better protect the interests of the claimant than service on the claimant himself and might properly be treated as an equivalent of service on the latter (*Matter of Bauer [MVAIC]*, 31 A D 2d 239).[1] That conclusion is applicable here. (See, also, Division of Human Rights, Rules of Practice, § 465.9, subd. [c]; 9 NYCRR 465.9 [c].)

Finally, the record does not support a finding of waiver by the Regional Director of the 15-day period for filing objections to the proposed conciliation agreement. The letter of March 15, 1972 transmitting the agreement to complainant's counsel

---

1. The substance of *Matter of Bauer (MVAIC)* (*supra*) was codified by a 1973 amendment to CPLR 7503 (subd. [c]) (L. 1973, ch. 1028, § 1).

requested "an immediate decision as to acceptance or rejection of the Conciliation Agreement as it now stands", and, when no response had been received, was followed by a letter on March 29, 1972, asking for a reply "by return mail" indicating acceptance or rejection of the agreement. In the face of this correspondence — which provided no basis for a determination that the Regional Director expected anything less than compliance with the statutory period — we cannot agree that a waiver was effected.

There is no merit to complainant's assertion that, in view of our disposition of a prior appeal in this matter, the Regional Director was precluded from disposing of the proceeding by the conciliation process provided by section 297 of the Executive Law and was required to conduct a hearing on the complaint.

When this case was previously before us (*Berry* v. *Donner-Hanna Coke Corp.*, 37 A D 2d 916) we simply confirmed a determination by the Appeal Board which had reversed a division determination dismissing the complaint for lack of jurisdiction, based on the Statute of Limitations, and had remanded the proceedings to the division "for further investigation and action consistent with this opinion". The opinion indicated that the division "should have looked into the question (of alleged discrimination) rather than dismissing the complaint". Nothing in the Appeal Board's disposition nor in our subsequent confirmation required that a hearing be conducted if the matter could be concluded by the conciliation procedure. The failure to conduct a hearing was not arbitrary or capricious and therefore may not serve as the basis for overturning the order of the division (*Jackson* v. *New York State Division of Human Rights*, 42 A D 2d 684; *Matter of Jwayyed* v. *New York Tel. Co.*, 42 A D 2d 663).

The determination of the State Human Rights Appeal Board should be annulled and the order vacated on the law and the petition granted, thereby reinstating the order of the division in each of these cases.

MARSH, MOULE, CARDAMONE and SIMONS, JJ., concur.

Determinations of Appeal Board unanimously annulled and orders vacated on the law, petitions granted and orders of State Division reinstated, without costs.