█ STATE DIVISION OF HUMAN RIGHTS, Respondent, v K. PETER WAGNER, Doing Business as ADDISON REALTY COMPANY, et al., Petitioners.—Proceeding pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated July 16, 1974, which modified, and as modified, affirmed an order of the State Division of Human Rights, dated July 26, 1973, which, *inter alia,* found petitioners guilty of discriminating in the rental of available housing accommodations on the basis of race. The State Division has cross-applied, *inter alia,* for enforcement of the order. Petition dismissed on the merits, order confirmed and cross application granted, without costs. No opinion. Rabin, Acting P. J., Martuscello and Christ, JJ., concur; Munder and Shapiro, JJ., dissent and vote to annul the order finding petitioners guilty of racial discrimination in the rental of available housing accommodations and to dismiss the cross application, with the following memorandum: The sole question is whether the determination is supported by substantial evidence. We conclude the answer is no. The record shows that the apartment in question here (No. 5-A) was rented to a black woman who had applied for the apartment *before* either of the complainants. The apartment was rented on November 14, 1972. It is claimed that this rental was prompted by the filing of the instant complaints on November 6 (Thompson) and November 8 (Green). However, there is no evidence whatsoever that the owner, Wagner, who was out of the State at the time, or the superintendent, McLeod, had any notice or knowledge of the filing of the complaints. It should be noted, too, that complainant Green filed no application for consideration as a tenant. Thus, the finding of discrimination against him is puzzling (see, generally, *Matter of State Div. of Human Rights v Fairway Apts. Corp.,* 39 AD2d 761, affd 33 NY2d 754). The only evidence of discrimination was the testimony of a Mrs. Trommer, who herself is not a complainant, that petitioner Mrs. Allen McLeod told her over the telephone that "we don't have any blacks in this building, and we don't want any." Mrs. Trommer never met Mrs. McLeod in person, never went to the apartment, never said she wanted an apartment and used a fictitous name in introducing herself on the telephone. There is no evidence that Mrs. McLeod was authorized by the owner or the superintendent to show apartments to prospective tenants, no evidence that her alleged remark represented the view of the owner or superintendent and, finally, the evidence was contrary to the remark attributed to her, i.e., an apartment was in fact rented to a Black. In short, there is not a residuum of evidence here substantial enough to support the

finding of discrimination (see *Matter of Carroll v Knickerbocker Ice Co.,* 218 NY 435, 440).