Jones, J.
The application for a certificate granting leave to appeal, made pursuant to CPL 460.20, must be dismissed as untimely.
Defendant seeks leave to appeal from an order of the Appellate Division, Second Department, dated June 21, 1976, a copy of which was served by mail on his attorney on June 30, 1976.* Four days earlier his counsel, who had already learned of the appellate court’s affirmance of the judgment of conviction, had written a letter to defendant informing him of the determination. The letter was addressed to the State correctional facility where defendant had been previously incarcerated. Through no fault of the attorney and because of the facts that his client, without the attorney’s knowledge, had been transferred from one custodial institution to another and that his mail had not been promptly forwarded and delivered to him, receipt of the communication by defendant was materially delayed. When it was received, however, defendant advised his attorney of his desire to seek leave to appeal, and the attorney promptly made the present application in September, 1976.
Inasmuch as the application was made more than 30 days after service on the attorney of the order sought to be ap *701 pealed, the application must be dismissed. CPL 460.10 (subd 5) provides in pertinent part: "(a) Within thirty days after service upon the appellant of a copy of the order sought to be appealed, the appellant must make application, pursuant to section 460.20, for a certificate granting leave to appeal to the court of appeals.” The time thus limited began to run when service of the order was made on counsel, not when the order was later brought to the attention of appellant himself through the efforts of his attorney. Although the statute taken literally refers to service "upon the appellant”, the function of service in this instance is one of notice, not to acquire jurisdiction. The notice function is effectively accomplished by service on the attorney, whose status as representative of the defendant continues through the filing of a timely application for leave to appeal and who is obligated to advise the defendant of his rights incident to the taking of an appeal and to make application for leave if defendant informs him of his desire to do so (22 NYCRR 606.5 [a] [2], 671.2 [b], 821.1 [b], 1022.11 [b]). As a practical matter it may be observed that in most instances service on the attorney would be better calculated to result in protection of the defendant’s interests than would service on the defendant himself.
While the dismissal of the present application is predicated on the time of service on defendant’s counsel, to avoid any unintended inference I note that I do not reach or consider the question whether if, prior to service on his attorney, defendant were himself served in person or by mail received by him, his time to appeal would not begin to run on the earlier date of service on him.
The application for leave to appeal is dismissed as untimely.
Application pursuant to CPL 460.20 for a certificate granting leave to appeal dismissed by Judge Jones in a memorandum. Publication authorized by the court.

 The affidavit of service states that copies of the papers were also mailed to defendant on the same day addressed to him at Fishkill Correctional Facility. The affirmation by defendant’s attorney indicates counsel’s belief that at the time of such service defendant was incarcerated at Taconic Correctional Facility.