■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v SHENANGO, INC., Petitioner.—Order of appeal board denying motion by respondent Shenango, Inc., for dismissal of complainant's appeal from determination of State

Division of Human Rights unanimously reversed, without costs, and motion granted, Simons, J., not participating. Memorandum: On complainant's complaint of racial discrimination against him by respondent Shenango, Inc., the regional director of the State Division of Human Rights conducted an investigation conference and on July 23, 1975 determined that the complaint was without cause and dismissed it. In accordance with rule 465.9 of the rules of the State Division of Human Rights (9 NYCRR 465.9) complainant was represented in the proceeding by attorney Thomas Whissel, who duly filed his notice of appearance in the matter prior to the holding of the conference, and at the division's request before it rendered its determination, the attorney refiled his notice of appearance for complainant and demanded that all notices to complainant be served upon him as attorney. In accordance with its usual practice the division mailed copies of its determination to complainant, to his attorney Whissel and to respondent Shenango, Inc. Respondent received its copy thereof on July 25, 1975. Complainant failed to claim the copy mailed to him, and later asked the division to mail him another one, which was done and he received it on August 15, 1975. On August 21, 1975 complainant filed a notice of appeal with the appeal board, and in early September respondent was notified thereof. Respondent promptly moved before the appeal board for dismissal of the appeal on the ground that it was untimely. Noting that complainant had not claimed the notice of determination which had been mailed to him by the division on July 23, 1975 and had requested that another one be mailed to him, which was done in mid-August, and that the notice of appeal was filed on August 21, 1975, the appeal board ruled that the appeal was timely, and it denied the motion for dismissal. Respondent Shenango has petitioned this court under section 298 of the Executive Law for review of the appeal board's order; and complainant has cross-petitioned to us to confirm the order and dismiss respondent's petition herein. By virtue of complainant's appearances before the State Division of Human Rights by his counsel, Whissel, who filed his notice of appearance and demanded that all papers be served upon him, receipt by complainant of the division's determination was unnecessary *(People v Wooley,* 40 NY2d 699; *Berry v Donner-Hanna Coke Corp.,* 42 AD2d 404, 406–407, affd 34 NY2d 893; and rules of the State Division of Human Rights, 9 NYCRR 465.9). The appeal board's ruling, therefore, was based on an erroneous ground. The record shows that the determination was mailed to complainant's attorney; and no effort was made by complainant, or on his behalf, to show that it was not duly received by that attorney on or about July 25,1975, when respondent received its notice. It is recognized by the parties that in order to take an appeal, a party must file notice thereof within 15 days of the service of the division's determination (Executive Law, § 297-a, subd 6, par c; *Berry v Donner-Hanna Coke Corp., supra; Matter of State Div. of Human Rights v Fairways Apts. Corp.,* 39 AD2d 761, affd 33 NY2d 754; *Matter of Walter v State Div. of Human Rights,* 36 AD2d 769; *Matter of State Div. of Human Rights v Merante,* 35 AD2d 652). Complainant's appeal to the appeal board was, therefore, untimely, and respondent's motion to dismiss it should have been granted. There is no question that respondent is an aggrieved person and entitled to maintain this application to us under section 298 of the Executive Law. Complainant's appeal to the appeal board is, therefore, dismissed. This ruling, of course, constitutes a denial of complainant's motion and a dismissal of his cross petition herein. (Proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.