■ In the Matter of LORETTA M. WOOLFOLK, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding instituted in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated October 6, 1981, which dismissed petitioner's appeal as untimely. In 1975, petitioner filed a complaint with the State Division of Human Rights (division) charging her employer with an unlawful discriminatory practice. The division found no probable cause to believe that the employer engaged in or was engaging in the unlawful discriminatory practice complained of. Although the division asserts that a copy of this determination was served on petitioner in July, 1978, petitioner denies receiving it. In any event, a copy of the determination was not served upon petitioner's attorney at that time. While a party must file a notice of appeal within 15 days of the service of the division's determination in order to take an appeal therefrom (Executive Law, § 297-a, subd 6, par c; *State Div. of Human Rights v Shenango, Inc.*, 55 AD2d 852), this time requirement did not begin to run in July, 1978 because of the division's failure to serve the determination on petitioner's attorney (*Matter of Bianca v Frank*, 43 NY2d 168, 173). In response to an inquiry, however, petitioner's attorney was served with a copy of the determination on June 1, 1981 together with a letter from the division advising that it was too late for any action to be taken by the agency. On July 21, 1981, petitioner's attorney wrote to the division requesting immediate action and he received a reply letter dated August 10, 1981 advising him to take an appeal to the Human Rights Appeal Board. A notice of appeal dated August 18, 1981 was filed by petitioner with the board and by determination dated October 6, 1981 the appeal was dismissed as untimely. Petitioner then commenced the present proceeding to review the board's determination. It is argued by petitioner that the time to file a notice of appeal should not have begun to run until the service of the division's letter dated August 10, 1981. Concededly, however, petitioner's attorney was served with a copy of the division's determination on June 1, 1981. The determination specifically notes that a notice of appeal must be filed within 15 days after service of the determination. Consequently, we agree with the board's determination that the time limitation of 15 days contained in section 297-a (subd 6, par c) of the Executive Law commenced running on June 1, 1981 when the determination was served on petitioner's attorney. The appeal by petitioner was, therefore, untimely and it was properly dismissed. The determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.