In the Matter of Joseph P. Geary, Respondent, v Commissioner of Motor Vehicles of the State of New York, Appellant.

Fourth Department, February 28, 1983

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Patrick O. McCormack* of counsel), for appellant.

*Robert J. Lane* for respondent.

OPINION OF THE COURT

Callahan, J.

On March 10, 1980 petitioner Joseph P. Geary was arrested for driving while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law. Petitioner was advised of his rights and requested to submit to a chemical test of his breath for alcohol. He made no

response at that time. Approximately 20 minutes later petitioner was again advised of his rights and was once again asked to submit to a chemical test of his breath. At this time he unequivocally refused the test, stating to the arresting officer, "No way". Notice of this refusal was forwarded to the respondent. Approximately seven and a half months later, petitioner was notified that a hearing would be held pursuant to section 1194 of the Vehicle and Traffic Law on October 27, 1980 to determine whether his operator's license should be revoked because of his refusal to submit to the chemical test. The hearing was adjourned at petitioner's request and rescheduled for December 3, 1980. On the adjourned date, petitioner moved to dismiss the charge on the grounds that he was not afforded a hearing within a reasonable time as required by subdivision 1 of section 301 of the State Administrative Procedure Act. The motion was denied. After the hearing at which only the arresting officer testified, petitioner's driver's license was revoked for failure to submit to a chemical test pursuant to the provisions of section 1194 of the Vehicle and Traffic Law. This determination was upheld on appeal by the administrative appeals board and was approved as recommended by the respondent commissioner. A stay of the revocation was granted and petitioner has retained his license since the date of his arrest.

Petitioner instituted this proceeding pursuant to CPLR article 78 seeking to annul the revocation order on the ground that he was denied his right to a hearing and determination within a reasonable time under the State Administrative Procedure Act. In granting the petition and annulling the revocation of petitioner's license, Special Term held that "by delaying the scheduling of the petitioner's hearing for over seven months, the respondent has failed to comply with the statutory directive to afford the petitioner an opportunity for a hearing within a reasonable time (State Administrative Procedure Act, § 301 [1])."

Prior to the enactment of the State Administrative Procedure Act (L 1975, ch 167, § 1, eff Sept. 1, 1976), this court held that a 17-month delay in scheduling a hearing pursuant to subdivision 2 of section 1194 of the Vehicle and Traffic Law to determine whether petitioner's license

should be revoked for his refusal to take a chemical test did not violate his right to a speedy trial (*Matter of Minnick v Melton,* 53 AD2d 1016). Petitioner contends that *Minnick* is not controlling since it predated the adoption of the State Administrative Procedure Act, a legislative enactment mandating administrative hearings within a "reasonable time" (State Administrative Procedure Act, § 301, subd 1). We agree that *Minnick* is not dispositive of this issue; however, its rationale remains persuasive and we find nothing in the intent of this legislation which abrogates that rationale.

■ In its decision, Special Term noted that "section 1194 of the Vehicle and Traffic Law has been amended to meet the objection of the public, who was concerned with the consequences of alcohol related driving, to delays of six months or more in the scheduling of refusal hearings (*Matter of Maxwell v Comr of Motor Veh.,* [109 Misc 2d 62], 69)." The statute was designed to enable the authorities to deal promptly and effectively with the scourge of drunken drivers by immediate revocation of their licenses either upon chemical proof of intoxication or upon refusal to submit to the blood test (*People v Craft,* 28 NY2d 274, 278). Time schedules specified in similar legislation for performance of certain acts on the part of an administrative agency have been held to be directory only (see *Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816; see, also, *Matter of Utica Cheese v Barber,* 49 NY2d 1028, 1030). Revocation of petitioner's license here constitutes a civil and not a criminal sanction (*Matter of Barnes v Tofany,* 27 NY2d 74). Absent some showing of substantial prejudice, noncompliance under the circumstances in this case does not operate to oust the respondent of the jurisdiction conferred by statute. We find no showing of prejudice to petitioner and inasmuch as he has retained his license since the time of his arrest, we can find no violation of any due process rights.

No physical characteristic or condition could be more closely related to incompetence to operate a motor vehicle than inebriation, and no aspect of motor vehicle regulation can be more important to the welfare of both operators and the public than keeping inebriated drivers off the public

highways (*People v Thomas,* 46 NY2d 100, 110, app dsmd 444 US 891; see, also, *People v Kates,* 77 AD2d 417, 419, affd 53 NY2d 591). The Legislature has recently responded to meet the objection of the concerned public in a more definitive manner by mandating an immediate suspension of an operator's privilege from the date of refusal (Vehicle and Traffic Law, § 1194, subd 2, as amd by L 1980, ch 807, § 2). This legislation should more effectively accomplish the intent to protect the public, not the impaired driver.

Special Term's determination was limited to the specific issue of reasonableness of a 33-week delay in scheduling a refusal hearing. Inasmuch as we have the transcript of the hearing and the entire record, we will treat this proceeding as though it were originally transferred pursuant to CPLR 7803 (subd 4) and CPLR 7804 (subd [g]).

Upon our review of the record we find the determination is supported by substantial and uncontroverted evidence. Subdivision 4 of section 1194 of the Vehicle and Traffic Law does not require repeated refusals as petitioner contends. If one persists in a refusal the test is not to be given (Vehicle and Traffic Law, § 1194, subd 2); the choice is the driver's (*People v Thomas,* 46 NY2d 100, 108). Petitioner failed to respond when first requested to submit to the test. Subsequently when asked, he was unequivocal in his refusal. "No way" was his response. This conduct demonstrates that the person is persistent in his refusal within the ambit of the statute; hence we must confirm the determination (*Matter of McKenzie v Fisher,* 39 NY2d 103).

Accordingly, the judgment should be reversed, the determination confirmed and the petition dismissed.

DILLON, P. J., DOERR, BOOMER and MOULE, JJ., concur.

Judgment unanimously reversed, without costs, determination confirmed and petition dismissed.