During discovery, objectants sought to learn whether the proponent had knowledge of the testator's assets prior to the will's execution; and whether proponent knew if the testator, within three years prior to her death, had divested herself of any of her assets and, if so, the details. When the proponent refused to answer on the ground of relevancy, objectants moved to compel a response; proponent then cross-moved for a protective order. The Surrogate granted a protective order unconditionally as to the first question and, as to the second, ordered that disclosure need not be made of the details of specific asset transfers. This was error. ¶ CPLR 3101 permits discovery of all relevant nonprivileged evidence (see *Allen v Crowell-Collier Pub. Co.* 21 NY2d 403, 406). Here, the proponent's knowledge of the testator's assets and her knowledge and participation in specific asset transfers is relevant bearing upon the nature of the relationship existing between them and the proponent's motive and opportunity for exercising undue influence (*Matter of Walther,* 6 NY2d 49; *Matter of Haggart,* 33 AD2d 124, affd 27 NY2d 900; *Matter of Veeder,* 7 Misc 2d 662). (Appeal from order of Monroe County Surrogate's Court, Ciaccio, S. — discovery.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BONNIE F. SAITO, Appellant. — Judgment, insofar as it imposes sentence, unanimously modified, as a matter of discretion in the interest of justice, by striking therefrom the term of imprisonment of six months on each count to run concurrently, and, as modified, affirmed. (Appeal from judgment of Seneca County Court, DePasquale, J. — forgery, second degree.) Present — Dillon, P. J., Denman, Boomer, O'Donnell and Schnepp, JJ.

■ In the Matter of JACK A. BELMAR, Individually and as Executor of LAUREAH B. BELMAR, Deceased, Appellant, v CITY OF SYRACUSE, Defendant, and COUNTY OF ONONDAGA, Respondent. — Order unanimously reversed, with costs and motion denied. Memorandum: Laureah Belmar fell upon a sidewalk in the City of Syracuse and filed a notice of claim against the city and the County of Onondaga. The city and the county dispute ownership and control of the sidewalk. Before any action was begun, the county made this motion for an order providing that "should the County of Onondaga undertake repairs of the sidewalk * * * the same shall not constitute an admission of ownership and control of the premises; and * * * the fact of such repairs shall be inadmissible, irrelevant and incompetent evidence at trial of issues in this case". Special Term granted the motion. ¶ Absent specific statutory authority for instituting a motion prior to the commencement of an action, the court was without jurisdiction to entertain the motion (see *Matter of Cammaratta,* 60 Misc 2d 521). Moreover, there is no procedure in a civil action that would allow Special Term to suppress evidence or make rulings on evidentiary questions in advance of trial. (Appeal from order of Supreme Court, Onondaga County, Sullivan, J. — admission of ownership.) Present — Dillon, P. J., Denman, Boomer, O'Donnell and Schnepp, JJ.

■ STEKO MERCANTILE, INC., et al., Appellants, v WETROK, INC., Respondent. — Order unanimously affirmed, with costs, for the reasons stated in the decision at Special Term, Flaherty, J. (Appeal from order of Supreme Court, Niagara County, Flaherty, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Green and Moule, JJ.

■ In the Matter of MICHAEL C. MATERESE, Respondent, v COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Appellant. — Judgment unanimously reversed and petition dismissed, without costs (see *Matter of Geary v Commissioner of Motor Vehicles,* 92 AD2d 38, affd 59 NY2d 950). (Appeal from

judgment of Supreme Court, Erie County, Doyle, J. — art 78.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ.

■ In the Matter of DANIEL N. MAXWELL, Respondent, v COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Appellant. — Judgment unanimously reversed and petition dismissed without costs (see *Matter of Geary v Commissioner of Motor Vehicles,* 92 AD2d 38, affd 59 NY2d 950). (Appeal from judgment of Supreme Court, Erie County, Doyle, J. — art 78.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ. [109 Misc 2d 62.]

■ In the Matter of THOMAS J. SWIFT, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, DIVISION OF HARNESS RACING, Respondent. — Determination unanimously annulled and petition granted, with costs. Memorandum: Petitioner's license as a harness racing driver was revoked by the State Racing & Wagering Board on the grounds that he conspired with others to fix the outcome of the eighth race at Buffalo Raceway on January 5, 1982 and intentionally drove his horse in such a manner as to prevent it from finishing first, second or third. After reviewing the entire record we are of the opinion that substantial credible evidence does not exist to support this determination. ¶ The proof at the revocation hearing shows that petitioner's horse, which finished ninth in the race, started in the worst pole position and, at 51.90 to 1 odds, was the least favored horse in the 10-horse field. The horse had finished no better than fourth in its last five starts, and on November 20, 1981 qualified at a time of two minutes and 10.4 seconds, precisely the same time that it ran the January 5 race. The only damaging proof at the hearing came from a racing judge who, after reviewing the films of the race, testified that petitioner drove with "a lack of effort". Proof that petitioner drove with "a lack of effort" is not proof that he intentionally drove in such a manner as to prevent his horse from finishing first, second or third. "Driving * * * with lack of effort" is a discrete violation of the rules of harness racing for which petitioner was not charged (9 NYCRR 4117.4 [p]). Furthermore, testimony that petitioner overheard a conversation in the paddock area before the race that a couple of horses in the race "might be dead", i.e., not trying to win, does not establish his assent to, and his participation in, any illegal scheme. ¶ The evidence in this case at most raises the suspicion that petitioner was involved in the alleged plot. Substantial evidence "does not rise from bare surmise, conjecture, speculation or rumor". (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180.) "A mere scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based." (*Matter of Stork Rest. v Boland,* 282 NY 256, 273-274.) (Article 78 proceeding transferred by order of Supreme Court, Erie County, Marshall, J.) Present — Dillon, P. J. Denman, Boomer, Green and Schnepp, JJ.

■ In the Matter of NORMAN L. MASTROMORO, Appellant-Respondent, v JOSEPH R. BURDICK et al., Respondents-Appellants, and FELICIA GRIFFIN et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: No certificate of nomination was required to be filed since the persons designated for the uncontested offices were deemed nominated (Election Law, § 6-160, subd 2). We do not reach the question of the validity of the designating petition of a person not an enrolled member of the political party designating him, since this issue was not raised below. (Appeals from order of Supreme Court, Herkimer County, Tenney, J. — Election Law.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ. (Order entered Feb. 27, 1984.)

■ In the Matter of ROY KING. — Order entered terminating suspension and reinstating petitioner as an attorney and counselor at law. Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.