OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
As the inherent dangers posed by drunken motorists on New York’s highways grows greater and attracts more media attention, it is clear that persons who drink and drive will no longer be tolerated. The Legislature, reflecting the outcry for greater safety on our roads, has increased the minimum drinking age and enacted stiffer penalties for those convicted of driving while intoxicated. Accompanying these measures has been a more rigid enforcement of the Vehicle and Traffic Law by law enforcement personnel.
Amidst this heightened awareness of the dangers of drinking and driving, this court is now called to rule in a case of apparent first impression regarding procedures police follow when requesting drivers to submit to breathalyzer exams.
The defendant is a Polish immigrant whose difficulty with the English language has resulted in a motion to suppress his “refusal” to submit to a breathalyzer test.
*920 On January 28, 1983, police stopped the defendant after observing him operate a vehicle without headlights in a weaving pattern. Although defendant had a strong foreign accent, the officer proceeded to read him his Miranda rights in English. Later, at the highway unit, the defendant was asked to submit to a breathalyzer test. Here, for the first time, he requested the assistance of a Polish “translocator.” The nature of defendant’s request and the accompanying police conduct crystalized the problem.
The defendant had only been in this country for a year and a half and had a limited understanding of English gathered during three months of evening study at high school. His friends and relatives insulated his needs and abilities and the extensive, well-organized Polish community facilitated his continued use of his native tongue.
Therefore, when first approached by police, the defendant was able to respond to their questions regarding his rights. However, when confronted with the language of Vehicle and Traffic Law § 1194, he requested assistance from a translator.
The law mandates that when police request a defendant to submit to a breathalyzer test, it must be in “clear and unequivocal” language that advises a person both of his rights and the consequences of his refusal. Only if police adhere to these guidelines may a defendant’s refusal to submit to testing be introduced into evidence against him (Vehicle and Traffic Law § 1194 [2], [4]).
Police implement this legislative mandate by a verbatim recital of Vehicle and Traffic Law § 1194 (2). This statute is couched in terms familiar to most law enforcement officials, legislators, prosecutors, attorneys and judges. However, this court believes that the choices and ramifications flowing therefrom were by no means clearly understandable to the defendant, particularly since he was not proficient in English.
Case law reveals little authority deciding what level of communication between police officers and defendants will satisfy the “clear and unequivocal standard” of Vehicle and Traffic Law § 1194.
Physical acts of a defendant have been held to be responses equating a refusal to take a breathalyzer exam only if the acts were specifically warned against (Matter of White v Melton, 60 AD2d 1000; Matter of Sullivan v Melton, 71 AD2d 797). Also, a defendant’s mere silence cannot be deemed a refusal if the defendant was not told any refusal would be introduced into evidence against him (People v Boone, 71 AD2d 859).
*921 In this case, the police realized from the moment of his arrest that the defendant possessed a fundamental linguistic problem. The meager efforts of the police to secure someone from the personnel present who could speak Polish did not satisfy their duty to ensure a defendant’s right to be informed of the choices available to him by statute.[1]
Notwithstanding the daily practicalities and the financial and logistical problems involved in preparing the police for all the various languages and dialects that surface in New York, this court holds that if a defendant is to be faced with a decision, the results of which will be used as prima facie evidence against him in any subsequent criminal proceeding, he must reach a threshold point of understanding the choice presented to him, so he may at least be able to make a decision as to the course of conduct he will take.[2]
This defendant clearly did not reach this level and, accordingly, the motion to suppress his “refusal” on the grounds that the warnings given to him were not in clear and unequivocal language as mandated by Vehicle and Traffic Law § 1194 is granted.

. A videotape of the recital of Vehicle and Traffic Law § 1194 (2) and this defendant’s responses was viewed by the court.

. The court takes notice of the fact that the police have at their disposal cassette recordings of Vehicle and Traffic Law § 1194 warnings generally available in Spanish.