OPINION OF THE COURT
Karen B. Yellen, J.
The defendant is charged with operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (3). He now moves to suppress evidence of his refusal to submit to a chemical test on the ground that the refusal was not obtained in accordance with Vehicle and Traffic Law § 1194.
A hearing was held on February 25, 1993 and the court makes the following findings of fact:
On November 5, 1992 at approximately 5:10 a.m., Officer Burke responded to a radio run of an automobile accident at Roosevelt Avenue and Queens Boulevard. When he arrived at the scene, the defendant was standing beside an automobile which had been involved in an accident. Officer Burke testified that the defendant had bloodshot eyes, was unsteady on his feet and had the odor of alcohol on his breath. A witness to the accident, Mr. Torres, told Officer Burke that he had seen the defendant driving the car. There was no testimony that any other person was observed to be in or around the automobile.
The defendant spoke Spanish and apparently understood little or no English. Officer Burke obtained a driver’s license and other documents bearing the name Franklin Camagos. He was unable to recall whether these documents were given to him by the defendant or if they were discovered in the automobile. The defendant was placed under arrest and taken to the 112th Precinct.
Police Officer Andriaccio of Highway 3 testified that he was called to the 112th Precinct to conduct an intoxicated driver’s exam on the defendant. In the presence of Officer Burke and *882 Officer Andriaccio, the defendant was shown a Spanish language videotape intended to apprise him of the charges against him and to inform him of the repercussions of refusing to submit to a chemical test analysis (i.e., breathalyzer test).
The Spanish language tape was translated for the court by the court interpreter. This is the only interpretation before the court as neither the People nor the defendant called an expert witness to translate the videotape.
The court therefore adopts the following translation of the Spanish language video:
"If you refuse the chemical exam or whatever part, your license will be immediately suspended or revoked or you will lose your privileges even though you will be found guilty or not of the accusation because you have been arrested. You should submit to the chemical exam or whatever part thereafter. It can be introduced as proof against you in a trial, process or hearing of the result of your arrest.”
"I ask you, do you want to submit to the chemical analysis in order to determine if you have the presence or absence of alcohol or drug in your bloodstream? Respond yes or no.”
Officer Andriaccio testified that after viewing this tape, the defendant responded with one word: "No”.
The defendant testified that at the time of his arrest he was coming from a disco where he had imbibed five or six beers. He further testified however that he was not driving on November 5, 1992 and in fact does not know how to drive. In addition he states that although he has resided in this country for two years, he does not come into contact with English-speaking persons and speaks absolutely no English. Defendant testified that in fact he was not even shown the Spanish language videotape and that no request was made of him to take the breathalyzer exam.
The defendant contends that "there was no probable cause for his arrest because he was not driving the automobile. As such, he argues that evidence of his refusal must be suppressed as 'fruit of the poisonous tree.’ ”
It is well settled that "[i]n passing on whether there was probable cause for an arrest * * * the basis for such a belief must not only be reasonable, but it must appear to be at least more probable than not that a crime has taken place and that the one arrested is its perpetrator.” (People v Carrasquillo, 54 NY2d 248, 254.)
*883 When Officer Burke arrived at the scene of the accident he saw the defendant standing next to the car which had been involved in the accident. The defendant was the only person with the car. A civilian witness told Officer Burke he observed the defendant operating the vehicle.
After observing the defendant’s bloodshot eyes, his unsteadiness on his feet and detecting the odor of alcohol on his breath, Officer Burke lawfully placed the defendant under arrest. (CPL 140.10 [1] [b].) Whether or not this defendant was actually driving the car is a defense to be asserted at trial.
The defendant further contends that the Spanish language videotape did not warn the defendant in "clear and unequivocal language” of the effect of refusing to submit to the test pursuant to Vehicle and Traffic Law § 1194.
The People contend that the video shown to the defendant adequately apprised him of his rights and of the repercussions of his refusal.
Based upon the testimony of Officers Burke and Andriaccio this court finds that the defendant was shown the video.
Vehicle and Traffic Law § 1194 (2) (f) provides that evidence of a refusal to submit to a chemical test by a person suspected of DWI is admissible at a trial, proceeding or hearing "only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal”. (Emphasis added.)
A person arrested for violating Vehicle and Traffic Law § 1192 must be informed that if he refuses to submit to a chemical test, his license is immediately suspended and subsequently revoked regardless of the ultimate disposition of the criminal charges. (Vehicle and Traffic Law § 1194 [2] [b].)
The People bear the burden of showing that sufficient and accurate warnings were given and that the language given was objectively clear and unequivocal. (People v Niedzwiecki, 127 Misc 2d 919.)
Whether a warning is sufficient and in "clear and unequivocal language” is an objective determination not dependant on any person’s subjective threshold for confusion. (People v Rodriguez, NYLJ, Sept. 8, 1992, at 24, col 4.)
Contrary to the People’s assertion, the defendant need not make a showing that he was confused or that he found the tape to be ambiguous. In fact, such a showing would not be a *884 sufficient basis for suppression where the People meet the burden of showing the tape to be "clear and unequivocal”. (See, Matter of Gagliardi v Department of Motor Vehicles, 144 AD2d 882 [3d Dept 1988], lv denied 74 NY2d 606 [1989].)
The translation given to this court at the suppression hearing was provided by the court interpreter. The People failed to present an expert who could have testified that, in his opinion, the language used in this tape was clear and unequivocal. Thus, the court can only base its conclusion on the rendition given by the court interpreter.
Several parts of the English translation of the Spanish language tape are confusing and unclear and do not meet the requirements of Vehicle and Traffic Law § 1194 (2) (b). While Vehicle and Traffic Law § 1194 (2) (b) clearly states that a person arrested for violating Vehicle and Traffic Law § 1192 must be informed that his refusal to take the chemical test will result in his license being "immediately suspended and subsequently revoked”, the Spanish translation indicates that his license will be immediately suspended or revoked or the driving privileges will be lost. This is clearly not the same. Nor does the Spanish warning clearly apprise the defendant of the fact that his refusal to take the exam can be used against him at a trial or hearing resulting from the arrest. It is unclear whether that portion of the warnings regarding the use at trial refers to the result of such test if it is taken, or to the refusal, if it is not taken.
As such, the court finds that the warnings given in the Spanish language tape are not sufficient and are not in clear and unequivocal language.
The defendant further contends that the People have not met their burden of showing that the defendant was persistent in his refusal.
The People must go forward with evidence that the defendant not only refused but was persistent in such refusal. (People v Rodriguez, supra; People v Marquez, NYLJ, Sept. 8, 1992, at 25, col 2.)
At the conclusion of the videotape the defendant answered "No” when asked if he wanted to submit to the test. That was the end of the examination. This was the only time the defendant was asked if he wanted to take the test. He was not shown the tape again.
The dictionary defines persistence as to continue steadfastly or often annoyingly, especially in spite of opposition. *885 The language barrier prevented the officers from engaging in any further communications with the defendant. There was therefore no opportunity for the defendant to continue steadfastly to refuse to take the chemical exam. The simple "No” uttered by the defendant in no way meets the persistence standard Vehicle and Traffic Law § 1194.
It seems at odds with the underlying doctrines of our judicial system to require the police to deliver a harangue to a suspect who refuses to submit to a chemical test. Yet, that is what the Vehicle and Traffic Law appears to require.
This requirement will never be satisfied when the defendant is merely shown a videotape and cannot engage in conversation with the officer administering its exam. Unless the State assigns Spanish-speaking officers to the Highway Divisions or shows a series of tapes to DWI defendants the People will never be able to meet the persistency requirement with regard to these defendants.
The court believes it would be less cumbersome upon the State while fair to the defendant to require the People to prove that the warnings were clear and unequivocal, that the defendant indicated he understood the warnings and that he refused to submit to the test.
However, for now, this court is bound by the persistency requirement. The People have not met this burden.
The defendant’s motion to suppress the refusal is granted.