OPINION OF THE COURT
Michael R. Sonberg, J.
Defendant is charged with violation of Vehicle and Traffic *51 Law § 1192 (2); § 1192 (3) and § 509 (1). He moves to suppress his refusal to submit to a chemical test of his breath. A hearing on this matter was held before me on April 6, 1993, at which retired New York City Housing Authority Police Officer Raymond Zwicker, called by the People, testified. I find Mr. Zwicker’s testimony to be credible.
The defendant was arrested and brought to the New York City Police Highway 1 Precinct, at which time he was given Miranda warnings. He indicated that he understood each of the warnings and agreed to answer questions. He then told Zwicker, inter alla, that he had had three rum and cokes.
At 5:35 A.M., defendant was read warnings as to the result of refusing to submit to a chemical test of his breath, after the reading of which he refused to submit to the test, indicating his refusal by shaking his head in the negative and stating, "No.” That procedure was recorded on videotape, which was introduced in evidence as People’s exhibit 1.
Defendant contends that evidence of his refusal to submit to the chemical test of his breath must be suppressed because the People failed in their burden, pursuant to Vehicle and Traffic Law § 1194 (2) (f), to show that he "persisted in the refusal.” The People contend that "persisted” means "that the defendant maintains his no and does not thereafter change his mind.”
The Court of Appeals, in People v Thomas (46 NY2d 100, 108 [1978]), in upholding the constitutionality of former section 1194 (4) (renum § 1194 [2] [f]), analyzed the procedure set forth in the statute. "Under the procedure prescribed by section 1194 of the Vehicle and Traffic Law a driver who has initially declined to take one of the described chemical tests is to be informed of the consequences of such refusal. If he thereafter persists in a refusal the test is not to be given (§ 1194, subd 2); the choice is the driver’s.”
The procedure employed by the New York City Police Department in this case, as demonstrated in the videotape, provided the driver with a single opportunity to take the chemical test, and that only after being warned of the results of a refusal.
The statutory scheme contained in section 1194 (2), as confirmed by the Court of Appeals in Thomas (supra), requires that the driver be offered at least two opportunities to submit to a chemical test, at least one of which must take place after *52 being advised of the sanctions for refusal.[1] If, after first having been requested to submit to the test (whether with or without warnings), refusing, and then having been given the warnings, the driver still refuses, "the person persisted in the refusal” and proof of the refusal may be admitted in evidence in court, provided the warnings have been delivered in "clear and unequivocal language.” (Vehicle and Traffic Law § 1194 [2] ffl.)[2]
Principles of statutory construction confirm that the driver is entitled to be asked to submit to chemical tests twice before a refusal is admissible in court. The final phrase of section 1194 (2) (f), "that the person persisted in the refusal,” must be presumed to have meaning. (McKinney’s Cons Laws of NY, Book 1, Statutes § 231.) The People’s suggested interpretation, "that the defendant maintains his no and does not thereafter change his mind,” has no basis in the procedure contained in the statute. (Cf., Vehicle and Trafile Law § 1194 [2].) It is, moreover, contrary to logic to suggest that the Legislature would provide that a driver could withdraw his or her refusal (and agree to submit to the test) without establishing temporal parameters for the withdrawal. The plain implication of "persisted in the refusal” is that the driver refused to submit to a chemical test after being asked at least twice and refusing at least once.
Matter of Geary v Commissioner of Motor Vehicles of State of N Y. (92 AD2d 38 [4th Dept 1983]), relied upon by the People, does not support the position urged by them. While the Fourth Department held that the statute "does not require repeated refusals” (92 AD2d, at 41), the driver was advised of his rights and requested to submit, made no answer, was again advised of his rights, and responded, "No way.” (92 AD2d, at 39.) Similarly, in People v Thomas (supra, 46 NY2d, at 104) the defendant was warned that refusal to take the test might result in the revocation of his license, refused, was then advised that his refusal could be introduced into evidence in court and again refused.[3]
*53 As the People failed in their burden of demonstrating that the defendant "persisted in the refusal,” evidence of that refusal is inadmissible at the trial of this case.
Defendant’s motion to suppress evidence of his refusal is granted.

. Only if the driver declines the initial offer to submit to a chemical test, having consented to a chemical test by virtue of the operation of a vehicle within the State (Vehicle and Traffic Law § 1194 [2] [a]), need he or she be informed of the effect of that refusal.

. The only reported decision that deals with this issue, People v Nigohosian (138 Misc 2d 843, 847 [Dist Ct, Nassau County 1988]), does so in dictum.

. Although the drivers in both Thomas and Geary (supra) were given warnings twice, the statute contains no requirement that warnings precede *53 the initial request to submit to the test. As all drivers consent to submit to the test (Vehicle and Traffic Law § 1194 [2] [a]), no warnings need precede the first request. It is my belief having viewed numerous videotaped "refusals,” that the practice of reading a legalistic set of warnings to an allegedly intoxicated driver, before the driver is first requested to submit to the test, results in many more refusals to submit than would occur if the driver were first just simply asked. It is my further belief that many police officers mistakenly assume that the refusal warnings are analogous to Miranda warnings and must be fully delivered before a chemical test may be administered; I have viewed a number of videotapes in which the officer continued to read the warnings even though the driver agreed to submit to the test.