OPINION OF THE COURT
Leon Ruchelsman, J.
Defendant was arrested and was charged with driving while under the influence of alcohol (Vehicle and Traffic Law § 1192 [3]) and criminal mischief in the third degree (Penal Law § 145.05). Defense counsel now moves for a Dunaway/ Huntley/ Wade refusal hearing. A hearing was held by this court, and Police Officer Gregg testified for the People. I find his testimony credible. The following opinion constitutes the decision and order of this court.
FINDINGS OF FACT
Police Officer Gregg and his partner received a radio run at approximately 10:00 p.m. on January 20, 1995 detailing an automobile accident at Williamsburg Street in Kings County. When he arrived at the scene, Gregg observed two cars pulled over to the side of the road with property damage to both '• vehicles. Gregg approached one of the cars and observed the defendant sprawled out on top of the hood. Gregg asked the defendant for paperwork for the car, and the defendant handed over his wallet. There seemed to be somewhat of a language barrier between the officer and the defendant. Gregg observed that the defendant had a strong odor of alcohol on his breath, *664 had slurred speech, red watery eyes, and was unsteady on his feet. The officer retrieved paperwork from the defendant’s wallet and placed him under arrest. When Gregg told the defendant why he was being arrested, the defendant stated to the officer that he had been arrested for this before, that he hit the other vehicle and that he only had a couple of beers. The time of arrest was 10:24 p.m. The defendant was taken to the 78th Precinct for a breathalyzer exam. At approximately 12:47 a.m. the defendant was administered breathalyzer warnings in Spanish and subsequently refused to take the exam. When asked by the officer whether he would take the test, the defendant replied immediately "No”.
PROBABLE CAUSE
Officer Gregg had the requisite probable cause to arrest the defendant.
Gregg, pursuant to a radio run, arrived at the scene and observed that the defendant exhibited telltale signs of intoxication. Clearly a defendant who exhibits classic signs of intoxication may be properly placed into custody (see, Matter of Stark v New York State Dept. of Motor Vehicles, 104 AD2d 194, affd 65 NY2d 720).
STATEMENTS
Before Miranda warnings need be given, two elements must be present — custody plus interrogation or its functional equivalent (see, Miranda v Arizona, 384 US 436, 444 [1966]).
A person is in custody when he or she is deprived of his or her freedom in any significant way or is led to believe that his or her freedom is being curtailed (see, People v Balint, 92 AD2d 348). The test for custody is what a reasonable person, innocent of any crime, would have thought under the circumstances (see, People v Oates, 104 AD2d 907 [2d Dept 1984]; People v Arcese, 148 AD2d 460 [2d Dept 1989]). In this present case the defendant was in custody as he was handcuffed and placed under arrest.
Interrogation is defined as any direct or latent questioning likely to obtain a response regarding a suspect’s participation in a crime (see, People v Howard, 47 NY2d 988).
Volunteered statements are admissible provided that the defendant spoke with genuine spontaneity "and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed” (see, People v Maerling, 46 NY2d 289, 302-303).
*665 In People v Lynes (49 NY2d 286, 295) the Court of Appeals held that "the Trial Judge must determine whether the defendant’s statement can be said to have been triggered by-police conduct which should reasonably have been anticipated to evoke a declaration from the defendant”.
In this present case the officer merely advised the defendant that he was under arrest. The defendant’s statements, therefore, were not in response to police interrogation.
IDENTIFICATION
Both sides agree that there is no police identification procedure present in this case.
REFUSAL
When a Spanish-speaking defendant, charged with driving while intoxicated, who is given refusal warnings in clear and convincing language in Spanish, and replies "no” when asked if he will take a breathalyzer exam — may the prosecution use that refusal as consciousness of guilt evidence as outlined in Vehicle and Traffic Law § 1194 (2) (f)?
Vehicle and Traffic Law § 1194 (2) (f) states that "[E]vidence of a refusal to submit to such chemical test or any portion thereof shall be admissible in any trial, proceeding or hearing based upon a violation of the provisions of section eleven hundred ninety-two of this article but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal.”
Firstly, upon viewing a tape of the defendant receiving his refusal warnings in Spanish (translated into English by an official court reporter), this court finds that the defendant was given his warnings in "clear and unequivocal language”. (See, People v Niedzwiecki, 127 Misc 2d 919).
Another area of concern, though, is the Legislature’s requirement that the defendant "persisted in the refusal” (see, Vehicle and Traffic Law § 1194 [2] [f|).
Lower courts have attempted to analyze Vehicle and Traffic Law § 1194 (2) (f) in relation to whether a defendant "persisted in the refusal”. In People v Camagos (160 Misc 2d 880) the court reasoned that where a Spanish language videotape did not warn defendant in clear and unequivocal language and the defendant answered "no” when asked if he would take the test, the refusal would have to be suppressed. People v Pagan *666 (165 Misc 2d 255) and People v Rosado (158 Misc 2d 50) place a burden on law enforcement officials which is never even mentioned in the statute. Pagan (supra) and Rosado (supra) require law enforcement officials to give a defendant at least two opportunities to submit to a chemical test, and if they don’t, a refusal by the defendant must be suppressed.
Firstly, Vehicle and Traffic Law § 1194 (2) (f) does not require that the defendant be advised of his refusal warnings twice, only that the warnings be sufficient and in "clear and unequivocal language” (see, People v Niedzwiecki, supra, at 920). Also a distinguishing characteristic in each of the aforementioned lower court cases (People v Pagan, supra; People v Rosado, supra; People v Camagos, supra) is that in each of these cases the court first determined that the warnings given the defendant were inadequate (People v Camagos, supra) or incomplete and confusing (People v Pagan, supra; People v Rosado, supra). In this present case this court is satisifed that the warnings espoused to the defendant were sufficiently clear, and it appears from the videotape played at the hearing that the defendant understood these warnings.
The Appellate Division, when faced with having to determine whether a refusal is persistent, held that repeated refusals to submit to a test were not required by the Vehicle and Traffic Law (see, Matter of Geary v Commissioner of Motor Vehicles of State of N. Y., 92 AD2d 38 [4th Dept 1983], affd 59 NY2d 950). In Geary the defendant was advised of his rights and was asked to take a breathalyzer exam. At that time the defendant remained silent. Approximately 20 minutes later the defendant was again advised of his rights and this time stated "no way”. The Court held that the defendant persisted in his refusal.
Similarly, a defendant’s vacillation in deciding whether or not to take a breathalyzer exam has been held to constitute a refusal pursuant to Vehicle and Traffic Law § 1194 (2) (f). In People v Bratcher (165 AD2d 906, 907 [3d Dept 1990], lv denied 77 NY2d 958), the Court held that a "[d]efendant’s refusal to breathe into the Intoxilyzer after being advised that his first attempt was inadequate to show a reading * * * was sufficient to constitute a refusal”. In People v Ferrara (158 Misc 2d 671 [1993]) the defendant was given refusal warnings and offered a blood test. The defendant refused to take the test, but an hour later and on his own volition, changed his mind and said he would take the test. However, no test was performed. The court in Ferrara held that the defendant’s conduct still amounted to a refusal.
*667 There are many different ways in which a defendant may persist in refusing to take a chemical exam. The Legislature could have required that a defendant repeatedly refuse to take an exam by simply stating that such refusal must be repeated. Similarly, the Legislature could have required law enforcement officials administer to a defendant repeated warnings pursuant to Vehicle and Traffic Law § 1194 (2) (f) but they didn’t. All the Legislature requires is that these warnings be given in "clear and unequivocal language”, not that they be stated repeatedly. "It seems at odds with the underlying doctrines of our judicial system to require the police to deliver a harangue to a suspect who refuses to submit to a chemical test” (see, People v Camagos, 160 Misc 2d 880, 885 [1993], supra).
Therefore, this court holds that where a defendant is properly given refusal warnings in clear and unequivocal language, the defendant is asked to take the exam and says "no”, that conduct is a refusal pursuant to Vehicle and Traffic Law § 1194 (2) (f).
This court also finds that the defendant’s refusal should not be suppressed merely because the refusal occurred more than two hours after arrest (see, People v Morales, 161 Misc 2d 128).
DECISION
Accordingly, defendant’s motion is denied in its entirety.