OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 This appeal presents a question left open in
 
 People v Singleton
 
 (72 NY2d 845, 847): whether service by the prevailing party is necessary under CPL 460.10 in order to commence the time period for the other party to take an appeal. We conclude that it is.
 

 Here, a Grand Jury indicted defendant for the crimes of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). The trial court granted defendant’s motion to dismiss on the ground that the evidence before the Grand Jury was legally insufficient since no evidence was presented concerning defendant’s possession or lack of possession of a license. The Appellate Division reversed, concluding that evidence concerning a license was unnecessary.
 

 The sole issue before us is the timeliness of the People’s appeal to the Appellate Division. The People filed their appeal on March 1, 1993, more than 30 days after the trial court’s order of January 21, 1993. CPL 460.10 (1) (a) states that "[a] party seeking to appeal from * * * an order of a criminal court, not included in a judgment, must * * * within thirty days after service upon such party of a copy of an order not included in a judgment, file with the clerk of the criminal court * * * in which such order was entered a written notice of appeal”. We construe this provision to require prevailing party service in order to commence the time for filing a notice of appeal.
 
 (See, People v Wooley,
 
 40 NY2d 699;
 
 Dobess Realty Corp. v City of New York,
 
 79 AD2d 348, 352,
 
 appeal dismissed
 
 53 NY2d 1054.) Here no evidence was presented as to the date on which the defendant, the prevailing party in the trial court, served the order on the People and, in fact, no evidence was presented that there was such service.
 

 
 *855
 
 Since there was no indication of service, the People’s notice of appeal was timely.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.