■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGEL HERNANDEZ, Respondent. [681 NYS2d 488] —Appeal from order, Supreme Court, Bronx County (Efrain Alvarado, J.), entered on or about August 2, 1996, which granted defendant's motion made pursuant to CPL 440.10 to vacate a judgment of the same court (Joseph Mazur, J.), rendered September 7, 1993, unanimously dismissed. Order, same court and Justice, entered on or about March 27, 1998, insofar as it adhered to its prior order vacating the judgment, unanimously affirmed.

We conclude that the People abandoned their appeal from the court's original order and that their motion to reargue was untimely. Although the People took a timely appeal (CPL 460.10) by filing and serving a timely notice of appeal from the court's August 2, 1996 order granting defendant's CPL 440.10 motion to vacate the underlying judgment of conviction for nondisclosure of *Rosario* material, they subsequently sought and obtained several adjournments of the prospective retrial for the express purpose of deciding whether or not there would actually be an appeal. Ultimately, they made an unambiguous declaration on the record that they did not intend to appeal. These circumstances, coupled with the fact that the People neither perfected an appeal nor sought an enlargement of time in which to do so, lead us to the conclusion, contrary to that of the motion court, that the People abandoned their original appeal.

It was not until October 6, 1997, after the Court of Appeals had decided *People v Machado* (90 NY2d 187), a case which the People maintain is favorable to their position on the merits of the CPL 440.10 motion, that the People moved for reargument of the August 2, 1996 order. A reargument motion is untimely when made after the time to file a notice of appeal has expired, and an untimely reargument motion is not available as a device to take advantage of a perceived favorable change in the law (*Matter of Huie [Furman]*, 20 NY2d 568, 572). For purposes of timeliness of a reargument motion, the People, by abandoning their original appeal, placed themselves in the same position as if they had never filed a notice of appeal. Accordingly, the court should have denied reargument rather than granting reargument and adhering to its original order. However, we do not modify to that effect in the absence of an appeal by defen-

dant. Since the second order adheres to the original order, leaving that order intact, we affirm that portion of the second order. Concur—Rosenberger, J. P., Ellerin, Wallach and Williams, JJ.