OPINION OF THE COURT
Robert M. Raciti, J.
The defendant moved to suppress evidence of his refusal to submit to a chemical test on the ground that the refusal was not obtained in accordance with the provisions of Vehicle and Traffic Law § 1194. A Dunaway-“Refusal” hearing was held before me on July 17, 2002. At the hearing, the People pre *302 sented Police Officer Richard Cornell as a witness and offered into evidence a videotape of the defendant responding to the Korean language refusal warnings, which were shown to him at the precinct after his arrest. The official Korean language court interpreter translated the audio portion of the videotape for the court. The defendant testified on his own behalf and claimed that he did not understand the videotape. I find the testimony of Officer Cornell to be credible and the testimony of the defendant credible in part and not credible in part. Specifically, his testimony that he did not understand the warnings that were shown to him on the tape is belied by the videotape itself, which shows that the defendant did not appear to have any trouble understanding or responding to the questions presented by the Korean language tape. Based upon the evidence adduced at the hearing, I make the following findings of fact and conclusions of law.
On April 6, 2002 at approximately 3:30 a.m., Officer Cornell responded to the scene of a possible drunken driver who was pulled over by a Lieutenant Bagdzuinas at Northern Boulevard and Prince Street in the County of Queens. When Officer Cornell arrived, he observed the lieutenant with the defendant. The defendant was out of his vehicle, swaying and having difficulty standing. The lieutenant informed Officer Cornell that he had observed the defendant driving his vehicle westbound on Northern Boulevard with a flat tire and that he had stopped the defendant so that he could assist him. When Officer Cornell approached the defendant, he detected a strong odor of alcohol. As a result, the defendant was placed under arrest for driving while intoxicated.
At 5:05 a.m., the defendant was taken to the 112 Precinct and was asked to take a chemical test. When the defendant indicated that he did not speak or understand English, a Korean language videotape was played for him. In court, the official court interpreter translated the audio portion of the videotape as follows:
“You are brought in police precinct because of the question whether you are influenced by alcohol or drug [sic]. Do you agree to take the test or not? Answer yes or no. (Whereupon, the defendant said, ‘no.’)
“If you refuse any part of these tests regardless [sic] the reason of your arrest, if convicted or not, this will affect your privilege of driving. If you refuse any part of this test, this will [sic] use in evi *303 dence against you. Do you want to take test or not? (Whereupon the defendant said, ‘no.’)”
At the court’s request, the official interpreter translated the Korean language for a second time:
“You [sic] brought here to take [sic] test to find if any alcohol or drug has affected your ability of driving. Please answer yes or no if you like to take the test. (The defendant answered, ‘no.’)
“Any refusal of [sic] part or of whole may affect your suspension of driving privilege. Regardless [sic] you are found guilty or not your privilege of driving may be lost. Also if you refuse any part of this test through the legal procedure this will be used as in evidence against you at court procedure [sic]. Please answer yes or no if you [sic] take the test. (The defendant answered ‘no.’)”
The initial legal issue to be resolved is whether there was probable cause to arrest the defendant. As a threshold matter, there is no question but that the initial stop was proper. Lieutenant Bagdzuinas informed Officer Cornell that he stopped defendant because he observed him driving a car with a flat tire. Indeed, the defendant’s own testimony corroborated that fact. In addition, Officer Cornell personally observed the defendant staggering and swaying. After further detecting the odor of alcohol on the defendant’s breath, Officer Cornell placed the defendant under arrest for driving under the influence of alcohol. This court concludes that the evidence available to Officer Cornell at the scene was more than adequate to provide probable cause to arrest the defendant. (CPL 140.10 [1] [b].)
The second and perhaps more interesting issue to be resolved is whether the defendant’s “refusal” to submit to a breathalyzer test is admissible in evidence. Vehicle and Traffic Law § 1194 (2) (f) provides that “[e]vidence of a refusal to submit to such chemical test or any portion thereof shall be admissible in any trial, proceeding or hearing based upon a violation of the provisions of section eleven hundred ninety-two of this article but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal.”
The defendant contends that the warnings given to him did not adequately advise him of the consequences of a refusal to take a chemical test because the Korean version of the warnings were not in conformity with the requirements of the statute.
*304 The model “refusal” warnings promulgated by the Department of Motor Vehicles (DMV) contain the following two possible consequences of refusal:
“1) A refusal to submit to a chemical test, or any portion thereof, will result in the immediate suspension and subsequent revocation of your license or operating privilege, whether or not you are convicted of the charge for which you were arrested.
“2) Your refusal to submit to a chemical test or any portion thereof can be introduced into evidence against you at any trial, proceeding, or hearing resulting from this arrest.”
Regarding the warning of the first consequence, the defendant was advised, in essence, that his refusal will or may affect his driving privilege. He was not advised of the immediacy of the revocation of his driving privilege. That omission, however, is without consequence. In People v Thomas (46 NY2d 100, 104 [1978]), the Court found that the officer’s warning to the defendant “might result in the revocation of his driver’s license” was sufficient warning of this consequence. Moreover, in People v O’Rama (78 NY2d 270), the Court found that erroneous information regarding the nature of the revocation of the license to be inconsequential. In the instant case, I find that the warnings given to the defendant, which informed him that his refusal may or will affect his driving privilege, were adequate to convey the first consequence of his refusal, that is, that the defendant’s refusal would result in the revocation of his license or privilege to drive.
With regard to the second consequence, the defendant was advised, in sum and substance, that his refusal of any part of the test will be used in evidence at a court proceeding. I find that this language adequately conveyed the requisite warning that his refusal to take the test could be introduced into evidence in any court proceeding.* In People v Thomas (supra at 104), the officer’s warning to the defendant that “refusal to take the test could be introduced into evidence in court” was deemed adequate. The warning given to the defendant in the instant case, although not as explicit as the DMV model warnings, is at least as clear as in Thomas and is sufficient to meet the requirements outlined in this seminal Court of Appeals case.
The defendant’s reliance on People v Camagos (160 Misc 2d 880, 882 [Crim Ct, NY County 1993]) is misplaced. There, the *305 garbled Spanish language warning given to the defendant was, “You should submit to the chemical exam or whatever part thereafter. It can be introduced as proof against you in a trial, process or hearing of the result of your arrest.” The court properly held that this obviously defective warning failed to convey the fact that the refusal to take the exam could be used in evidence. Indeed, as translated, that warning could actually be construed as informing the defendant that taking the test could be used in evidence against him. Camagos also found that the warnings were inadequate because they did not apprise the defendant that his license would be “immediately suspended and subsequently revoked,” but instead apprised him that his license will be “immediately suspended or revoked” (at 884). It is not clear from the decision in Camagos that this imprecision, standing alone, would have warranted suppression in that case. In any event, for the reasons discussed above, I find that, in the present case, omission of the word “immediately” did not significantly detract from the statutorily required warnings.
The defendant’s remaining claim that the People failed to show that the defendant persisted in his refusal is without merit. The videotape makes clear that the defendant refused the test on more than one occasion. (See People v Thomas, supra.) Accordingly, the defendant’s motion to suppress the evidence of his refusal to submit to a chemical test is denied.

 The fact that the word “procedure” was translated by the court interpreter does not change this result.